URBAN v. BAGBY et al. (No. 912–4678.)

(Commission of Appeals of Texas, Section A. Feb. 23, 1927.)

1. Deeds ⬥➔88—Unrecorded deed is valid and binding on parties thereto (Rev. St. 1911, art. 6824).

Under Rev. St. 1911, art. 6824, a deed, though not recorded, is valid and binding on parties thereto, and as between such parties operates to pass to grantees title held by grantor in land purported to be conveyed.

2. Judgment ⬥➔494—Stranger to judgment attempted to be enforced against lands held under unrecorded deed may protect rights by showing judgment is void.

When judgment is attempted to be enforced against lands in which stranger to judgment holds rights emanating from judgment defendant through unrecorded deed anterior to suit in which judgment was rendered, stranger may protect his rights in land by showing judgment was void for want of jurisdiction.

3. Judgment ⬥➔494—Successors to title by unrecorded deed before suit against grantor may collaterally attack validity of judgment rendered therein.

Successors to title conveyed by unrecorded deed before suit in which judgment was rendered against grantor had right, when judgment creditor asserted alleged judgment lien against property, to attack validity of such judgment collaterally.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit in trespass to try title by J. W. Bagby and others against Herman Urban and another, wherein defendant named set up a judgment lien against the land and sought foreclosure thereof. Judgment for plaintiffs and denying foreclosure of defendants' alleged judgment lien was affirmed by the Court of Civil Appeals (286 S. W. 519), and defendant named brings error. Affirmed.

Jno. T. Vance, of Edna, and Thos. W. Thompson, of Giddings, for plaintiff in error.

Rose & Sample, of Edna, for defendants in error.

HARVEY, P. J. This is a suit in trespass to try title to a tract of 176 acres of land in Jackson county, brought by J. W. Bagby, E. T. Rose, and S. G. Sample against Herman Urban and C. J. Williamson; the last-named defendant made no answer. The defendant Urban answered and set up a judgment lien against the land, which alleged lien is hereinafter described, and sought foreclosure thereof. The plaintiffs, in reply, alleged that such judgment lien is void as to them because the judgment upon which it is based is void. Judgment was rendered for the plaintiffs for the land, and denying foreclosure of Urban's alleged judgment lien. This judgment was affirmed by the Court of Civil Appeals. 286 S. W. 519.

So far as necessary to state them here, the facts are as follows:

On April 20, 1914, C. J. Williamson, who then held title to the land in controversy, conveyed same by deed duly executed to W. C. Horner and V. C. Storey, which deed was not filed for record until October 8, 1918. Storey conveyed his half interest in the land to Horner by deed executed on January 6, 1915, and duly recorded on October 8, 1918. On October 5, 1916, Urban recovered a personal judgment in the county court of Lee county for the sum of $811.25 against said Williamson. That court had no jurisdiction of the person of Williamson when the judgment was rendered for the reason that Williamson was never cited and did not appear in said suit. The judgment, however, is regular on its face. Neither Horner nor Storey was a party to that suit. An abstract of

⬥➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

such judgment was regularly filed and recorded on October 24, 1916, in the office of the county clerk of Jackson county, which forms the basis of Urban's claim to a judgment lien on the land in controversy. Subsequent to the filing of this abstract of judgment Horner conveyed the land by deed to W. E. Appelt and Frank Appelt, who in turn conveyed it to the plaintiffs by deed duly executed. The plaintiffs still hold title to the land under said deed, subject to certain vendor's lien notes executed by them to the Appelts as part of the consideration for such conveyance.

The county court of Lee county had no jurisdiction of the person of Williamson, and the judgment rendered by it against Williamson is void. The only question which we shall notice here is whether or not it was permissible for the plaintiffs in the instant suit to show, by evidence de hors the record of that suit, the fact that the county court of Lee county had no jurisdiction of the person of Williamson when the judgment was rendered, and thereby avoid Urban's alleged judgment lien on the land in controversy.

[1] A deed, though not recorded, is valid and binding on the parties to it, and, as between such parties, operates to pass to the grantees the title held by the grantor in the land purported to be conveyed by such deed. Article 6824, R. S. 1911. The deed executed by Williamson to Horner and Storey on April 20, 1914, which was prior to the Lee county suit against Williamson, had effect, as between the parties thereto, to pass the latter's title in the land to Horner and Storey. Horner having acquired Storey's half interest in the land, held title to the entire tract when said abstract of judgment was filed. Notwithstanding the fact that the deed from Williamson to Horner and Storey was unrecorded, Horner's title to the land could not be avoided by means of a judgment lien founded on the void judgment against Williamson.

[2] Whenever a judgment is attempted to be enforced against lands in which a stranger to the judgment holds rights emanating from the judgment defendant through an unrecorded deed anterior to the suit in which the judgment was rendered, such stranger is entitled to protect his said rights in the land by showing the judgment to be void for want of jurisdiction. In such a case the stranger to the judgment has the right to attack the judgment collaterally and to establish its invalidity by evidence de hors the record of the suit in which it was rendered. Vose v. Morton, 4 Cush. (Mass.) 27, 50 Am. Dec. 750; 34 Corpus Juris, 526; 1 Freeman on Judgments (5th Ed.) § 319.

[3] Horner was a stranger to the judgment in question, and the plaintiffs, who hold title in privity with him, stand in his shoes. They therefore had the right, when Urban asserted his alleged judgment lien against their property, to attack the validity of such judgment collaterally, as they were permitted by the trial court to do, and thereby avoid such asserted lien so far as their said land is concerned. For the reason discussed, and for that reason only, we recommend that the judgment of the Court of Civil Appeals, affirming the judgment of the trial court, be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.