Hattie J. KIEKE et vir, Appellants,

v.

Doris Lee COX et al., Appellees.

No. 13123.

Court of Civil Appeals of Texas.

San Antonio.

March 13, 1957.

G. Woodson Morris, San Antonio, for appellants.

John M. Gilliland, Baskin, Casseb & Casseb, San Antonio, for appellees.

BARROW, Justice.

This is a suit by Hattie J. Kieke, joined by her husband, Edwin C. Kieke, in the 57th District Court of Bexar County, Texas, suing as next friend of Robert Cox, a person of unsound mind, against Doris Lee Cox and William Ernest Butler, Jr., seeking to set aside a judgment in Cause No. F–33114 in the 37th District Court of Bexar County, Texas, rendered on the 14th day of June, 1946, wherein Doris Lee Butler (now Cox) obtained a divorce from William Ernest Butler, Jr. Plaintiffs' petition alleges that Doris Lee Butler's petition in said Cause No. F–33114 and her testimony therein, to the effect that she possessed the required citizenship and residence, were false, and that she thereby perpetrated a fraud upon the court. This is an independent suit to set aside that judgment.

Doris Lee and William Ernest Butler, Jr., were married in the year 1928. The marriage was terminated by the judgment above mentioned. Following the divorce Doris Lee Butler married Robert Cox and lived with him until the year 1952, when he was adjudged a person of unsound mind, since which time he had been confined in the State Hospital at San Antonio, Texas. To that union was born one child, Deborah Ann Cox. It is undisputed that Robert Cox is a person of unsound mind, that Doris Lee Cox is his guardian, and as such is drawing compensation from the Veterans' Administration. It is also undisputed that, so far as this case is concerned, the rights of Doris Lee Cox and her ward, Robert Cox, are adverse, and that suit can be maintained by his mother, the plaintiff, as next friend, the real purpose of this suit being to set aside the divorce between William Ernest Butler, Jr., and Doris Lee Butler, and in turn annul the marriage between Doris Lee and Robert Cox.

Defendants, Doris Lee Cox and William Ernest Butler, Jr., each answered, and thereupon Doris Lee Cox presented a motion for summary judgment, which motion was granted and the court rendered judgment for defendants.

The question to be decided in this case is, Can the plaintiff, acting as next friend for Robert Cox, a subsequent spouse and stranger to the judgment, maintain a suit to set aside the judgment of divorce between Doris Lee and William Ernest Butler, Jr.?

This precise question, as applied to a judgment of divorce, so far as we have been able to ascertain, has not been decided in Texas. However, the rules regarding suits attacking judgments generally are well established in this State. These rules, insofar as applicable to this case, are: First, a direct attack on a judgment can only be maintained by a party thereto, or by some party who has a then existing interest or right which was prejudiced thereby. Second, all parties to the judgment and all parties who would be directly and materially affected if the judgment be set aside are indispensable parties. Third, the suit must be

brought in the court in which the judgment was rendered. Fourth, where the action to set aside the judgment is based upon allegations of fraud, it must be commenced within four years from the discovery of the fraud or from the time it could have been discovered.

■ At the outset appellants are confronted with the proposition that the judgment sought to be vacated is not void. Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198. It cannot be collaterally attacked. 25 Tex.Jur. 678, § 250.

■ We shall determine whether or not appellants' suit comes within the rules above outlined. In the first place, can a subsequent spouse of one of the parties to a divorce judgment, regular and final on its face, attack the same? We find that this question has not been answered by the Courts of this State, but in our sister States we find many authorities in point, holding that the subsequent spouse is a stranger to the judgment and, having no right or interest existing at the time of the judgment, cannot attack the same. While there are some authorities to the contrary, we think the weight of authority is that such person can not maintain the attack. 12 A.L.R.2d 717, and many cases cited and discussed therein.

In the case of Anonymous v. Anonymous, 7 Terry 458, 46 Del. 458, 85 A.2d 706, the Superior Court of Delaware had before it a suit by a subsequent husband seeking to annul his marriage on the ground that his wife had procured a judgment of divorce from her former husband in Texas, by false and fraudulent allegations as to her residence. The Court, recognizing the full faith and credit clause of the Federal Constitution and the implementing Federal Statute, proceeded with a full citation and discussion of the Texas authorities on the subject of finality of judgment generally, that a stranger to the judgment, in order to be permitted to make a collateral attack upon the judgment, must show that he has rights,

claims, or interests which would be prejudiced or injuriously affected by the enforcement of the judgment, and which accrued prior to its rendition, unless the judgment is absolutely void. Citing 34 C.J. 526, § 832; 49 C.J.S., Judgments, § 414.

Texas has adopted and adheres to this general "pre-existing right" rule. Sanger Bros. v. Tramwell, 66 Tex. 361, 1 S.W. 378, 379; Urban v. Bagby, Tex.Com.App., 291 S.W. 537, 538; National Loan & Investment Co. v. L. W. Pelphrey and Co., Tex. Civ.App., 39 S.W.2d 926, 928.

■ We are of the opinion that the established rule in Texas applying to the "pre-existing right" doctrine, precluding direct attacks on judgments generally, should apply to divorce judgments with equal, if not more, force than to other judgments. Public policy and public morals so demand. Therefore, appellant as next friend stands in the same position as Robert Cox, the subsequent spouse, and can not maintain this suit.

■ Moreover, the child of appellee Doris Lee Cox and Robert Cox is vitally interested in this action—her legitimacy, her right to support by her father, and her heirship are all at stake. In an attempted direct attack on a judgment, unless all persons who may be directly and materially affected are made parties, the attempted attack is not direct but collateral. 4 McDonald, Texas Civil Practice, 1489; Pure Oil Company v. Reece, 124 Tex. 476, 78 S.W.2d 932.

This suit falls within the category of a collateral attack for the further reason that it was not filed in the court in which the original judgment was rendered. Whitehurst v. Estes, Tex.Civ.App., 185 S.W.2d 154, writ refused.

■ The trial court's action in rendering the summary judgment was correct for the further reason that, although appellant in her petition alleged that the alleged fraud relied upon was not discovered until just before the suit was filed, the motion for

summary judgment and the affidavits filed in support thereof are to the effect that Robert Cox was fully aware of all the facts at the time the original suit was filed, and therefore the cause of action, if any existed, is barred by the four-year statute of limitation. Texas Rules of Civil Procedure, Rule 166-A; Art. 5529, Revised Civil Statutes of Texas.

 The appellant also contends that the trial court erred in rendering judgment in favor of defendant William Ernest Butler, Jr., he not having moved for summary judgment, as did Doris Lee Cox. We overrule this contention. A divorce judgment is in rem and fixes the status as to all parties involved. If the divorce is valid as to one party it is valid as to the other.

The trial court correctly rendered summary judgment in this cause and the judgment is affirmed.