**Georgia Leary NEILL, Appellant,**

**v.**

**James Palmer NEILL et al., Appellees.**

**No. 11257.**

Court of Civil Appeals of Texas.

Austin.

Jan. 20, 1965.

Rehearing Denied Feb. 10, 1965.

David L. Tisinger, Harry Pollard, Austin, for appellant.

Brown, Sparks & Erwin, Will G. Barber, Austin, Johnson, Bromberg, Leeds & Riggs, Edward L. Wilson, Dallas, R. Dean Moorhead, Austin, for appellees.

ARCHER, Chief Justice.

This is an appeal from a summary judgment denying appellant a Bill of Review.

The appeal is predicated on seven points as follows:

"1. The error of the Court in granting the motion for summary judgment upon the ground that this is a collateral attack when this suit is filed in the same Court, within the proper time, and has all of the original parties before it.

"2. The error of the Court in granting the motion for summary judgment on the ground that this is a collateral attack when the suit was filed in the same Court specifically as ' * * * a Bill of Review in equity.'

"3. The error of the Court in granting the motion for summary judgment on the ground that this is a collateral attack because of a failure to join children and a trustee who were not parties to the original suit.

"4. The error of the Court in granting the motion for summary judgment upon the ground that extrinsic fraud could not be established.

"5. The error of the Court in granting the motion for summary judgment because of the negligence on the part of Appellant.

"6. The error of the Court in granting the motion for summary judgment upon the ground that Appellant can not have 'piecemeal rescission.'

"7. The error of the Court in granting the motion for summary judgment insofar as the stock of Western Pipe Line Constructors, Inc. is concerned and in determining as a matter of law that such was the separate property of James Palmer Neill."

Appellant observes that in this appeal all presumptions of fact are in her favor and that all adverse evidence be discarded and every legitimate presumption indulged in appellant's favor.

Appellant made James Palmer Neill and Mrs. Geraldine C. Johnson Neill, "who claims to be the present lawful wife of James Palmer Neill" defendants, and did not make anyone else parties.

"This suit is brouht as a Bill of Review in equity:

"(1) to review, to vacate and cancel as void in whole or in part, and to modify and reform, a purported final judgment of the 98th District Court of Travis County, Texas, dated and filed April 20, 1953, in Cause No. 95,121, entitled Georgia Leary Neill vs. James P. Neill, * * *

"(2) to vacate and cancel the property settlement contract, dated March 16, 1953, executed by and between Georgia L. Neill and James P. Neill, insofar as such contract: (a) provides that the shares of capital stock of Western Pipe Line Constructors, Inc., then in the name of James P. Neill, are or were his separate property, * * *"

Plaintiff alleged that the property settlement was grossly unfair because: "plaintiff was fraudulently deceived, misled, imposed upon, and induced by Neill and his attorney to execute said contract and agree to such provisions, in reliance upon various false representations and fraudulent misrepresentations made to plaintiff by Neill and his attorney concerning the true and actual nature, extent, and value of the properties * * *"

Further pleadings were made of fraudulent concealment, etc. Pleadings were also made that prior to the entry of the judgment, the Trial Court "did not hear any competent evidence or testimony by which the Court could determine anything con-

cerning the nature, character, extent, location, or value of the community property of plaintiff and Neill, or could make a fair, just, and equitable division thereof, and such judgment did not purport to be and was not a true and independent decree or adjudication of the Court concerning the respective rights of the parties to the property acquired during their marriage."

The contract of property settlement was set out in the petition but we do not insert such herein.

Three children were born of the marriage between appellant and Mr. Neill. At the time of the making of the property settlement, a trust agreement with assets of $225,000.00 was to be established for the benefit of the three children with trustees appointed and extensive requirements imposed on Mr. Neill, and such trust has been carried on.

Appellant filed this suit on April 17, 1957, about four years after the divorce decree had been entered, and prayed that:

"(1) that each of the defendants be duly and properly cited and required to appear and answer herein as provided by law;

"(2) that the Court enter forthwith an order requiring and directing defendant, James Palmer Neill, to file herein on a day certain to be fixed by the Court sworn itemized inventories and an accounting as set forth in paragraph No. 15, above;

"(3) alternatively, that the Court appoint a competent, disinterested accountant authorized to examine and audit all records and data of Neill and to file herein a written report of such audit, showing the information described and set forth in paragraph No. 15, above;

"(4) that upon final hearing hereof the purported final judgment of the Court

dated April 20, 1953, in Cause No. 95,-121, in the 98th District Court of Travis County, Texas, be set aside as wholly void, and that the Court enter a new judgment granting plaintiff a lawful divorce from defendant, James Palmer Neill, on the grounds of cruel treatment, awarding plaintiff custody of their minor children, and making such division of the properties acquired during the marriage of plaintiff and Neill as the Court may deem equitable and proper, but equal to at least one-half of the value of all community properties of plaintiff and Neill, and that the Court enter all such orders as shall secure and protect plaintiff in receiving such properties or the monetary value thereof;

"(5) that the property settlement contract dated March 16, 1953, executed by plaintiff and Neill be cancelled and set aside insofar as it provides that the shares of capital stock of Western Pipe Line Constructors, Inc., in the name of James P. Neill, or the proceeds therefrom, were or are his separate property, and insofar as it divides and sets aside specified community properties to the respective parties as the separate properties of each and divests each party of all right, title, and interest in and to the properties thereby set aside to the other."

By agreement of the parties the question of the validity of the decree dissolving the marriage was severed from the question of property and a separate trial was had on the question of the validity of the divorce. The decree of divorce was upheld and no appeal was taken from that judgment.

Appellees contend that since all persons whose interest would be or might be affected by setting aside or modifying the judgment in question were not made parties to this suit, appellant's attack upon such judgment is collateral and not direct, and that since no ground sufficient to sustain a collateral

attack was alleged, the granting of appellees' motion for summary judgment was correct; that since the beneficiaries of the trust were not parties to this suit, the summary judgment was proper and that appellant was negligent as a matter of law, based on her admissions; that since appellant has pleaded only intrinsic fraud and an attack on a prior judgment can be had, the action of the court was correct; that since appellant assertedly seeks to set aside only a part of the prior judgment and property settlement, a piecemeal rescission cannot be had; and finally, that the Oklahoma law bars appellant from contending that the stock of Western Pipe Line Constructors, Inc. was community property, the granting of appellees' motion for summary judgment with respect to such stock was correct.

■ We believe that appellant's suit is a collateral attack upon the prior judgment and not direct, and that since the beneficiaries and trustees were not made parties, the trial court correctly granted the motion for summary judgment.

It is to be observed that appellant's pleadings on which she went to trial herein, prayed that the April 20, 1953 judgment "be set aside as wholly void," and that the trial court enter an order "making such division of the properties acquired during the marriage of plaintiff and Neill as the court may deem equitable and proper."

"The prayer is deemed an essential part of the petition, and determines the character of the decree which the court acting within its jurisdiction over the subject-matter is called upon to render." Ortiz Oil Co. v. Railroad Commission, Tex.Civ.App., 62 S.W.2d 376, no writ history. Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932.

In the Pure Oil Co. case it was held:

"One of the tests in determining whether an attack on a judgment is direct or collateral is whether all the parties to be affected thereby are be-fore the court. If all such parties are not before the court, the attack at best can only be classed as collateral."

In Hunt v. Ramsey, 162 Tex. 133, 345 S.W.2d 260, the Court declared:

"The rule * * * is that all parties whose interests are such that they would be, or might be, directly and materially affected are necessary parties; and if joined, the attack is direct— otherwise the attack is a collateral one [citing Pure Oil and other authorities]. "The reason for the general rule * * is given in the alternate statement of the rule: all parties whose interests are, or may be, directly and materially affected by a review or modification of the judgment, should be before the court."

In Kieke v. Cox, Tex.Civ.App., 300 S.W. 2d 309, no writ history, the Court said:

"Moreover, the child of [the subsequent marriage] is vitally interested in this action—her legitimacy, her right to support by her father, and her heirship are all at stake. In an attempted direct attack on a judgment, unless all persons who may be directly and materially affected are made parties, the attempted attack is not direct but collateral."

The trust created for the benefit of Mrs. Georgia Leary Neill and the three children provided for payment out of net income monthly to Mrs. Neill for her life, with small percentages to be paid for each of the children as they become 21 years old, and a capital fund in cash and property aggregating $275,000.00.

Appellee Neill bound himself to make other further payments for the benefit of the children.

It is apparent that if the property settlement as provided in the agreement and in the judgment could be set aside, the children would suffer losses of money and inconveniences and be affected.

The judgment complained of by appellant is not void and a collateral attack cannot prevail. 34 Tex.Jur.2d 252–255.

■ We believe that the appellant was negligent in delaying an attack on the prior judgment.

In Johnson v. Templeton, 60 Tex. 238 our Supreme Court held:

"It will not be sufficient to show that injustice has been done by the judgment sought to be enjoined. It must further distinctly and clearly appear that this result was not caused by any inattention or negligence on the part of the person aggrieved, and he must, among other matters, show a clear case of diligence and of merit to obtain the interference of a court of equity, in his behalf at such a stage of the case."

In Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950), the Court reiterated this requirement of diligence, saying:

"Although the bill of review is an equitable proceeding, before a litigant can successfully invoke it to set aside a final judgment he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own * * * Because it is fundamentally important in the administration of justice that some finality be accorded to judgments, these essentials have been uniformly recognized by our courts; therefore, bills of review seeking relief from judgments 'are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted'; and the rules are not to be relaxed merely because it may appear in some particular case that an injustice has been done."

In her deposition appellant testified that she had read the property settlement dated March 16, 1953 which had been fully explained to her, and that she understood its terms and was satisfied with it and signed the contract and would not have done so if it had not been agreeable; that Mr. Ben Powell did not by act or representation induce her to do so, and did not make any false statements; that Mr. Powell said he thought the contract was fair.

The appellant further testified that Mr. Neill never made any representation false or otherwise concerning the nature, extent or value of the property acquired during their marriage, or any representation to her about his assets or properties, or about the terms and provisions of the property settlement agreement, or whether she was getting at least half of their community property, and never told her anything about the value of the Western Pipe Line stock and she never asked about the value of that stock.

Appellant testified that she knew Mr. George Marsh and Mr. Charles LeNoir and that they each had full information concerning the financial affairs of Mr. Neill and herself, and knew that by asking she could have obtained full information concerning such affairs; that no one fraudulently concealed anything from her.

On the hearing on the divorce held on April 20, 1953, the appellant and her attorney of record and a friend, Mrs. Hall, were present and were told by her attorney in the presence of the District Judge that unless she was completely satisfied with the property settlement not to go forward with the divorce action, and appellant responded that she was completely satisfied, and in reply to a question from the trial judge she said she fully understood the settlement, was satisfied with it and wanted the judge to approve it and asked that the divorce decree be entered.

■ We believe the actions and conduct of appellant in failing to seek information if she did not have such is a bar to the

relief that she seeks in this Bill of Review suit.

Donnelly v. Donnelly, Tex.Civ.App., 289 S.W. 110, er. dism. Burguieres v. Farrell, 85 S.W.2d 952, er. dism. w. o. j.

In Hoyt v. Hoyt, Tex.Civ.App., 351 S.W.2d 111, er. dism., the court stated:

"It must appear: (1) That the former judgment was not caused by any negligence on him who seeks to set it aside, but that diligence was used to prevent it; * * *"

Rule 166–A provides that a summary judgment may be granted upon the basis of "depositions and admissions on file."

█ Appellant pleaded intrinsic fraud and not extrinsic fraud. Neither a collateral nor a direct attack upon a prior judgment can be based upon intrinsic fraud. State v. Wright, Tex.Civ.App., 56 S.W.2d 950, n. w. h.

In Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94 (1940), the Supreme Court made the following statements, citing this Court's decision in the Wright case and quoting therefrom:

"Fraud is classified as intrinsic or extrinsic. Included in the term 'intrinsic fraud' are false testimony, fraudulent instruments, and any fraudulent matter that was presented and considered in rendering judgment. Intrinsic fraud does not furnish a ground, in an independent suit brought for that purpose, for setting aside a judgment. Fraud must be extrinsic to justify the setting aside of a judgment, and must be collateral to the matter tried, and not something which was actually or potentially in issue in the trial; unless the presentation of such defense was prevented by fraud, accident or act of the opposing party, without fault or negligence of the party against whom the judgment was rendered." Schnautz v. Stelfox, Tex.Civ.App., 235 S.W.2d 473, mand. overr.

In Kuper ·v. Kuper, Tex.Civ.App., 336 S.W.2d 819, er. dism., the former wife sought a Bill of Review on the grounds that her husband had defrauded her concerning the value of 2,211 shares of insurance company stock, the Court said:

"Where Mrs. Kuper had been given proper notice of the divorce suit, had not been prevented from full participation therein, had an opportunity to present her case to the court and to protect herself from any fraud attempted by Mr. Kuper, the fraud, if any, perpetrated under such circumstances is intrinsic. This applies especially where she secured the divorce and had the court to approve the property settlement and a showing that she and her attorneys made investigation as to the value of the property; that she relied upon the report received from the party she secured to make the investigation and, that she did not rely on what Mr. Kuper told her about the value of the stock. This clearly shows appellant was not prevented by any acts of appellee from fully informing herself as to the true value of the stock in question.

"Applying the foregoing rules of law, it is apparent that if any fraud was practiced upon appellant herein it was not extrinsic in nature. She secured the judgment for divorce and had the property settlement approved by the court after making her own investigation and was not relying upon any representations made by the appellee. In other words, the apellant was asking the trial court to set aside a judgment that she caused to be entered after she had secured independent information from her attorney and a stock broker of her own selection as to the value of the stock and not because of any false representations made to her by appellee. We think the case of Bankston v. Bankston, Tex.Civ.App., 251 S.W.2d 768 (mandate overruled) is directly in point here.

"Examination of the entire record herein makes it clear, we think, that the summary judgment was proper in this case."

Appellant cites cases such as McMurry v. McMurry, 67 Tex. 665, 4 S.W. 357, in which case the wife was out of the State without funds to return for the trial and was not present.

Kuehn v. Kuehn, Tex.Civ.App., 259 S.W. 290, er. dism., was an original suit to set aside a separation agreement and deed thereunder and not a Bill of Review suit.

Appellant in her brief takes the position that all she wants is one-half of the stock of Western Pipe Line Constructors, and leave undisturbed all portions of the prior divorce decree and all other portions of the property settlement agreement. This is not the purport of her pleadings.

Partial rescissions are prohibited and must be in toto and not awarded in part. 10 Tex.Jur.2d 479. Ashby v. Gibbon, Tex.Civ.App., 69 S.W.2d 445, n. w. h.

The record in this cause is long. We have been afforded well prepared briefs and the case was adequately explained and presented in the briefs, and we have carefully considered the record as a whole.

Appellant was afforded an adequate opportunity to ascertain all of the circumstances surrounding the divorce decree and the property rights and the settlement thereof in the agreements reduced to writing in advance of the trial of the case, and having elected to make the agreement and having been advised of her rights even on the day of trial, she expressed satisfaction. She cannot, at the late date of the filing of the suit and on the date of the final hearing, be heard to complain.

The judgment of the trial court is affirmed.

Affirmed.