Joan Mack **RANEY**, Appellant,

v.

Sam **MACK**, Appellee.

No. 8205.

Texarkana.

Court of Civil Appeals of Texas,
Dec. 11, 1973.

Rehearing Denied Jan. 15, 1974.

Jerry C. Adam, Adam, Adam & Hancock, Walter H. Horne, Houston, for appellant.

Earl Sharp, Sharp, Ward & Ross, Longview, for appellee.

RAY, Justice.

This is a summary judgment case. Appellant (plaintiff) Joan Mack Raney filed in the Court of Domestic Relations for Gregg County a suit in the nature of a bill of review, seeking to have that court set aside its previous divorce decree entered on August 2, 1968, in Cause No. 68–68–DR. The substance of the bill of review was to set aside any judgment the court may have rendered in connection with the division of the community property, alleging that appellee (defendant) Dr. Sam Mack had fraudulently concealed the true nature and extent of the community estate. There were other persons named as parties defendant in whose favor summary judgments have been granted and who were severed out of the main suit. The court entered a summary judgment in favor of Otto A. Ritter, appellant's former attorney, but failed to sever that action from the principal suit. Appellee Mack filed his motion for summary judgment and it was granted.

Appellant Raney submits two points of error for our consideration. It is contended by appellant that the evidence raises a fact issue of whether or not appellee Sam Mack through fraudulent concealment and misrepresentation, prevented appellant from discovering and realizing the true nature and extent of the community estate in the prior divorce proceeding; and, second-

ly, that the evidence raises the fact issue that through no negligence nor fault of her own and after exercising reasonable diligence appellant was prevented from asserting her rightful claim to the community estate by the concealment and misrepresentations of appellee Sam Mack.

We have considered the motion of Otto Ritter to dismiss the appeal as it relates to him, and find that the motion should be granted for the reason that appellant Raney has not properly perfected her appeal from the summary judgment rendered in favor of Ritter. Appellant failed to comply with Rules 414 and 415, Texas Rules of Civil Procedure, as such rules apply to appellee Ritter, in that appellant's brief was not timely filed and no notice of a request for late filing was shown to have been mailed to Ritter. Since appellant has failed to show that appellee Ritter suffered no material injury by the late filing of appellant's brief, the appeal as it relates to appellee Ritter will be dismissed for want of prosecution. Tex.R.Civ.P. 414 and 415. Further, appellant brings forward no points of error related to Ritter. Her two points of error relate only to the actions of Dr. Sam Mack. For this additional reason, appellant's appeal was not perfected in any matter relative to Ritter. Appellant having presented no point of error to this court complaining of the trial court's action in granting a summary judgment in favor of Ritter, the error of the trial court, if any, has been waived. Rule 418, Tex.R.Civ.P.; Bickler v. Bickler, 403 S.W.2d 354, 361 (Tex.Sup.1966).

An examination of the record reveals that Dr. Sam Mack filed his motion for summary judgment on March 2, 1973, along with his affidavit and that of Earl Sharp, Henry M. Bown and George Joseph in support of the motion for summary judgment. The affidavits of Otto A. Ritter, Dr. Edward Mack and Esther Mack Knox were also before the court, along with the depositions of Dr. Sam Mack and Joan Mack Raney. The affidavits of James R. Lee, Jack N. Price and Joan Mack Raney filed in opposition to the motion for summary judgment were struck by the trial court, apparently because the affidavits were not in proper form. Appellant Raney has not submitted a point of error to this court complaining of the action of the trial court in striking the controverting affidavits and has therefore waived the assignment of error she presented in her motion for new trial.

In moving for summary judgment, appellee Mack assumed the burden of establishing there was no genuine issue as to any material fact and that he was entitled to a judgment as a matter of law. Nichols v. Smith, 17 Sup.Ct.Journal 57 (Tex.Sup.Ct. Nov. 3, 1973) (Tex.Sup.1973); Hidalgo v. Surety Savings and Loan Ass'n, 462 S.W. 2d 540 (Tex.Sup.1971); City of Hutchins v. Prasifka, 450 S.W.2d 829 (Tex.Sup. 1970).

As outlined in Nichols v. Smith, supra, the burden was upon petitioner (appellee-defendant) Sam Mack to disprove as a matter of law the allegations of fraudulent concealment made by respondent (appellant-plaintiff) Joan Mack Raney, and further to disprove as a matter of law that appellant Raney was not negligent and did not exercise reasonable diligence in asserting her claim to the community estate, or show and positively demonstrate that appellant has not sufficiently alleged a cause of action upon which relief can be granted. We have concluded that appellee Mack has done both.

The briefs of the attorneys representing each side are thorough and excellent. Rarely though have we seen such persistence as was used by appellee's attorney in seeking to discover what material issues of fact, if any, were presented by appellant. Every effort was used by appellee's attorney to discover specifically what appellant claimed to be fraudulent or what had been concealed. Detailed exceptions were made to appellant's (plaintiff's) petition for bill of review. The trial court sustained appellee's exceptions and required appellant to set out with particularity what she claimed

to be wrong with specific items in the original inventory filed in the divorce proceedings, what appellant claimed had been concealed, and what fraudulent devices were used. Appellant filed her amended petition but failed to cure the defects to which appellee had taken exception. Appellee's attorney then filed and served detailed interrogatories on appellant seeking to discover the fraud and concealment urged by appellant, but the answers were vague and failed to point out any fraud, misrepresentation or concealment amounting to extrinsic fraud or matters that could not have been determined at the trial in the original proceedings.

Appellee Mack filed his motion for summary judgment along with his supporting affidavit to establish that no misrepresentation nor concealment had been made. Subsequently, depositions were taken of appellant and appellee and submitted to the trial court in conjunction with the motion for summary judgment. Appellee's attorney relentlessly questioned appellant about the alleged fraud and concealment which she contended appellant had committed. Her answers established the following:

1. That appellee Mack did not make any false representations to appellant or to her attorney about the value of any of the property in the inventory, nor did anyone who represented appellee. (Appellant's deposition, pp. 16, 31–32).

2. That appellant did not know of any way in which the inventory was false or fraudulent. (Appellant's deposition, p. 27).

3. That appellant did not have any specific information about any property that was not included in the inventory or discussed in Dr. Mack's deposition. (Appellant's deposition, pp. 51–52).

4. That appellant did not have any information concerning any conspiracy or fraud of George Joseph, Vicki Thomas, George Mack, Dortha Mack or Ed Mack. (Appellant's deposition, p. 51).

Appellant's two points of error complain only of the actions of appellee Sam Mack and no óthers. She states that the *evidence* raises an issue that appellee, through fraudulent concealment and misrepresentation, prevented her from discovering and realizing the true nature and extent of the community estate in the original divorce proceedings, and that through the same concealment and misrepresentation she was prevented from asserting her rightful claim to the community estate. The evidence presented to the trial court consisted of only affidavits favorable to appellee's position, and the depositions of appellee and appellant. Appellee's deposition, if taken alone, would not be sufficient to sustain a summary judgment in his favor even though all of the testimony in the deposition would be favorable to him, the reason being that it would be the testimony of an interested witness. However, when appellee's deposition is taken in conjunction with his supporting affidavit and its attachments, along with the supporting affidavits of others, it furnishes summary judgment proof negating appellant's allegations. The position maintained by appellee Mack of no concealment and no misrepresentations was not disputed by an *evidence* having any probative force. Appellant's own testimony refutes her allegations of fraud and concealment.

Mrs. Raney testified in her deposition that she had employed an investigator who said he had found evidence of fraud and concealment and had compiled a report to that effect. She further testified that she had not seen the report and that she had not talked to the investigator about its contents, that she had only discussed the report with her attorneys. Appellant made no attempt to produce an affidavit from her investigator concerning the alleged fraud and concealment.

The movant, appellee Mack, has supported his motion for summary judgment by clear, direct and positive affidavits and other extrinsic evidence which we

find to be sufficient on their face to entitle him to an instructed verdict. Appellant had no counter-affidavits before the trial court at the time the motion for summary judgment was considered. We feel that the summary judgment proof negates all of the allegations in the petition of Mrs. Raney and that appellee Mack has discharged his burden of establishing conclusively that, on the appellant's case as pleaded, he is entitled to prevail as a matter of law. We further conclude that the trial court was justified in granting the summary judgment, particularly when appellant had the means and opportunity of disproving the facts set out in appellee's affidavits by producing her investigator's report, or his affidavit, and failed to do so. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.Sup.1965). The only testimony of Mrs. Raney relative to fraud and concealment on the part of appellee Mack was based upon hearsay, that being that her attorneys had discussed with her what they had learned from her investigator relative to fraud and concealment. Hearsay has no probative force and will not defeat a motion for summary judgment. Box v. Bates, 162 Tex. 184, 346 S.W.2d 317, 319 (1961); Statham v. City of Tyler, 257 S.W.2d 742, 745 (Tex.Civ.App. Texarkana, 1953, er. ref'd, n. r. e.).

There are other reasons why appellee Mack was entitled to a summary judgment.

Appellant was negligent in seeking her bill of review. The time for filing a bill of review is ordinarily determined by Rule 329b, Sec. 5, Tex.R.Civ.P. and the four-year statute of limitations, Art. 5529, Revised Civil Statutes, Vernon's Ann. (See Sec. 31 Texas Probate Code, V.A.T. S., requiring bills of review in probate matters to be filed within two years from the date of the judgment under attack). Equity suits to vacate judgments may be barred earlier by the doctrine of laches, 34 Tex.Jur.2d 98, 112, Judgments, Secs. 229 and 233. "Regardless of the general four year limitation statute, a bill of review to set aside a voidable judgment must be brought with reasonable diligence, or an excuse shown for delay." A court of equity will not interpose its relief where it appears there has been a lapse of time amounting to nearly four years between the rendition of the judgment and the filing of a petition for bill of review unless such delay is fully explained. It must be shown that the delay was not the result of a lack of diligence on the part of the petitioner. Buffaloe v. Buffaloe, 210 S.W.2d 429, 431 (Tex.Civ.App. Dallas 1948, er. dism'd); Garcia v. Jones, 155 S.W.2d 671 (Tex.Civ.App. San Antonio 1941, ref'd. w. o. m.). Here, the appellant testified in her deposition that she learned of fraud in June 1971 but did not file her suit until July 1972. She offered no reasonable explanation for the delay of over a year in filing her suit.

Laches is an affirmative defense which must be plead by the party relying on it. It is not incumbent upon a plaintiff to incorporate in his petition allegations which negate the defense of laches. Mere lapse of time alone raises no presumption of laches. It must be an unreasonable delay which has worked injury, inconvenience, or prejudice to another person, or has caused that person to change his position to his detriment. Gulf, Colorado and Santa Fe Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, 500 (1958). The record in the instant case shows that two or three days after the divorce was granted, appellee Mack created trusts for his three children and made his brother, Dr. Edward Mack, the trustee for each of the trusts. During the years following the divorce, he put many pieces of valuable property into the trusts that are not now subject to being recalled from the trusts. We think the record clearly indicates that appellant's delay in filing her petition for bill of review was an unreasonable delay and that appellee's position has materially changed to such an extent that it would be impractical, if not impossible, for appellee to return to the position he was in at the

time of the original divorce decree. Not only has he placed many of his valuable pieces of property into the trusts, but some of the property has been sold and is in the hands of new owners. This case clearly illustrates the reasons for requiring diligence in the filing of bills of review. Even though appellee Mack has established a prima facie defense of laches through summary judgment proofs, that alone would not entitle him to a summary judgment. However, we have already concluded that his summary judgment proof has negated all of the allegations in appellant's petition and that the two together certainly would entitle appellee to his summary judgment. Nichols v. Smith, supra.

Bills of review are not looked upon with favor, and such actions can be prosecuted successfully only when the plaintiff can allege and prove certain relatively narrow factual propositions. "When tested by exception, the allegations of the complaint will usually be judged more strictly than those of an ordinary civil action, and it is important that they be factual in nature and that argumentative conclusions be avoided. In addition to the pleadings and issues determined in the prior action, which must be alleged clearly and distinctly, the plaintiff must allege under oath, '(1) a meritorious [claim or] defense, (2) which he was prevented from [asserting or] making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own.' " These elements are required, plus a showing that all legal remedies have been exhausted. 4 McDonald's Civil Practice 318 (1971 ed.), Sec. 18.27.1.

We have examined "Appellant's First Amended Petition to Set Aside Purported Divorce and Property Agreement" and find that the allegations contained therein are only conclusions of the pleader and that no facts are alleged which, if believed, would create a material fact issue relative to and within the scope of the points of error presented to this court.

Appellant plead intrinsic fraud and not extrinsic fraud. Neither a collateral nor direct attack upon a prior judgment can be based upon intrinsic fraud. Neill v. Neill, 386 S.W.2d 642 (Tex.Civ. App. Austin 1965, dism'd, w. o. j.). The fraud alleged by appellant is in relation to the inventory filed by appellee Sam Mack and other matters contained in the property settlement agreement. Included in the term "intrinsic fraud" are false testimony, fraudulent instruments, and any fraudulent matter that was presented and considered in rendering judgment. Intrinsic fraud does not furnish a ground, in an independent suit brought for that purpose, for setting aside a judgment. Fraud must be extrinsic to justify the setting aside of a judgment, and must be collateral to the matter tried, and not something which was actually or potentially in issue in the trial, unless the presentation of such defense was prevented by fraud, accident or act of the opposing party, without fault or negligence of the party against whom the judgment was rendered. Neill v. Neill, supra, 386 S.W.2d p. 647; Kuper v. Kuper, 336 S.W.2d 819 (Tex.Civ.App. Amarillo 1960, er. dism'd).

The court in Neill v. Neill, supra, 386 S.W.2d at page 646, points out that one who seeks relief through a bill of review must show a clear case of diligence and of merit to obtain the interference of a court of equity in his behalf and must not have suffered a judgment against him to have been caused by his inattention or negligence. Johnson v. Templeton, 60 Tex. 238 (1883); and Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950). The deposition of appellant Raney reveals that she was present, along with her father, a retired bank president, when her original attorney, Otto Ritter, took the deposition of Dr. Sam Mack to determine the extent and accuracy of the inventory of properties filed in the original proceeding by appellee Mack. It was she who secured the judgment for divorce and had the property

settlement (Tr. 29) approved (Tr. 35) by the court, and who testified that she was not relying upon any representations as to value made by appellee. Her own deposition reveals that she had ample opportunity to discuss with her attorney, Ritter, the nature and extent of the community property owned by her and appellee and that her father and her friend, George Joseph, were available for consultation, along with many realtors in Longview. The actions and conduct of appellant in failing to seek information, if she did not have such, is a bar to the relief that she seeks in this bill of review suit. Carver v. Huff, 283 S.W. 2d 317 (Tex.Civ.App. Amarillo 1955, writ ref'd, n. r. e.); Neill v. Neill, supra, 386 S.W.2d at page 647. Here the appellant is asking the trial court to set aside a judgment that she caused to be entered after she had time to investigate and review the inventory filed by Dr. Sam Mack.

Appellant failed to allege that her legal remedies (as distinguished from her equitable remedies) had been exhausted. There was no allegation that appellee prevented her from filing a motion for new trial nor from appealing the original judgment of the trial court. Neither does she allege or show that a suit for damages would be an inadequate remedy.

■ Partial recisions of indivisible contracts are prohibited and must be in toto and not awarded in part. Ashby v. Gibbon, 69 S.W.2d 445 (Tex.Civ.App. Amarillo 1934, n. w. h.); Neill v. Neill, supra. Bills of review and actions for recision being equitable proceedings, it was incumbent upon appellant to allege that she had restored or offered to restore to appellee the personal property and the $63,000.-00 that he paid as consideration for the execution of the property settlement agreement which appellant was seeking to rescind and cancel. 10 Tex.Jur.2d 372, Sec. 45; Restoration, or offer to restore, consideration received. Such is a condition precedent to the granting of relief by way of cancellation or recision. She who seeks equity must first do equity.

■ Appellant did not allege that the $63,000.00 settlement which she obtained was grossly unfair or manifestly unjust. Neither did she allege facts which would show that the amount received by her was grossly inadequate in relation to the assets received by appellee Mack. Inequitable settlement of property alone is not sufficient to obtain a new trial after a judgment has become final. Hoyt v. Hoyt, 351 S.W.2d 111, 113 (Tex.Civ.App. Dallas 1961, er. dism'd).

■ Appellant did not allege fraudulent concealment in such a manner as would entitle her to any relief. In order for the doctrine of fraudulent concealment to apply, it must be shown that the defendant himself had knowledge of the facts that it is claimed he fraudulently concealed. This is true because one cannot be guilty of fraudulently or intentionally concealing facts of which he is not aware. Barnard v. Thompson, 138 Tex. 277, 158 S.W.2d 486 (1942); Carrell v. Denton, 138 Tex. 145, 157 S.W.2d 878 (1942); Long v. Martin, 234 S.W. 91 (Tex.Civ.App. Amarillo 1921, er. dism'd, w. o. j.). We have searched appellant's pleadings and find no allegation that appellee knew any of the facts which she contended he fraudulently concealed.

We have made an exhaustive search of the record in this case and find no genuine issue of a material fact which would require determination by a jury and, therefore, a reversal of the trial court judgment. The trial court did not err in granting the motion for summary judgment. Appellant's points of error are respectively overruled.

The judgment of the trial court is affirmed.