**PRESTON CHRYSLER–PLYMOUTH, INC., Appellant,**

v.

**Weldon ROBINSON, et al., Appellees.**

**No. 20577.**

Court of Civil Appeals of Texas, Dallas.

July 23, 1981.

Rehearing Denied Aug. 27, 1981.

Charles A. Girand, DeHay & Blanchard, Dallas, for appellant.

James H. Moody, Strasburger & Price, Marvin L. Levin, Levin, Weinberg & Levin, Dallas, for appellees.

Before GUITTARD, C. J., and AKIN and CARVER, JJ.

AKIN, Justice.

Defendant Preston Chrysler-Plymouth, Inc. (Preston) appeals from a judgment in favor of plaintiffs Weldon and Lurlene Robinson, and third-party defendant Chrysler Leasing Corporation (Chrysler Leasing). The Robinsons sued Preston for damages based upon Preston's alleged deceptive trade practices. Preston brought a third-party action against Chrysler Leasing, seeking indemnity in the event the Robinsons prevailed in their suit. The trial court granted Chrysler Leasing's motion for summary judgment and rendered a take-nothing judgment against Preston on its third-party claim against Chrysler Leasing. The Robinsons' claims against Preston were tried to the jury and, based upon the jury's verdict, the trial court rendered judgment for the Robinsons. We reverse and render.

The Robinsons' action against Preston arises out of their purchase of an automobile from Preston in 1975. The Robinsons alleged that prior to its sale to them, the automobile (1) had been wrecked and repaired, and (2) had been used as a lease car. Neither of these facts were disclosed to the Robinsons. They contend the failure to disclose these facts was a deceptive trade practice under the Deceptive Trade Practices—Consumer Protection Act, 1973 Tex.Gen. Laws, ch. 143, § 1, at 322.

Regarding the Robinsons' first contention, that failure to disclose that the automobile had been wrecked and repaired was a deceptive trade practice, Preston contends that it had no knowledge that the automobile had been wrecked and repaired and, therefore, it had no duty to disclose this information. Since it had no duty to disclose the information, Preston concludes, the failure to disclose it cannot be a deceptive trade practice. We agree.

Prior to the 1979 amendments to the Deceptive Trade Practices Act, the failure to disclose information was not included in the "laundry list" of Tex.Bus. & Code Ann. § 17.46(b) as a deceptive trade practice. In 1979, the following was added to the list: "(23) the failure to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed." Tex. Bus. & Com.Code Ann. § 17.46(b)(23) (Vernon Supp. 1980–81). The Robinsons do not seek relief under this provision, and indeed, since there is no evidence Preston knew the automobile had been wrecked and repaired, the provision does not provide them with a cause of action. Rather, they seek relief under the original version of § 17.46(a) which stated: "False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." 1973 Tex.Gen.Laws, ch. 143, § 1,

at 323. Thus, our question is whether the failure to disclose information by one who has no knowledge of that information is a false, misleading or deceptive act or practice.

 In this connection, we recognize that where there is a duty to speak, silence may be as misleading as a positive misrepresentation of existing facts. *Smith v. National Resort Communities, Inc.*, 585 S.W.2d 655 (Tex.1979). There cannot be a duty to speak, however, about facts which are unknown. *Raney v. Mack*, 504 S.W.2d 527, 534 (Tex.Civ.App.—Texarkana 1973, no writ). We hold, therefore, that the failure to disclose facts or information by one who has no knowledge of those facts or that information is not a false, misleading or deceptive act or practice.

As to the Robinsons' second contention, that the failure to disclose the automobile had been used as a lease car was a deceptive trade practice, Preston contends that since no issue on damages resulting from such use was submitted to the jury, the Robinsons are not entitled to recover any damages. We agree. Although one or more of the issues necessary to sustain this theory of the Robinsons' recovery, which are necessarily referable to the omitted issue, were submitted, and answered in favor of the Robinsons, we cannot deem the issue as found by the court in such manner as to support the judgment because there is no evidence to support a finding thereon. Tex. R.Civ.P. 279. The only evidence in the record adduced by the Robinsons concerning damages is the testimony of Mrs. Robinson that the automobile, *in its damaged and repaired condition*, had the value of $3,000 on the date of its purchase, as compared to a purchase price of $5,029.50. This testimony is not evidence of damages resulting from the automobile's use as a lease car. Consequently, the Robinsons failed to prove any damages and cannot recover.

Since we have held the Robinsons are not entitled to recover, we do not reach Preston's points of error as to its third-party action against Chrysler Leasing. Accordingly, the judgment of the trial court is reversed and judgment is rendered that the Robinsons take nothing in their suit against Preston.

Reversed and rendered.