

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00836-CV

Maryvel **SUDAY** and The Estate of Olga Tamez de Suday,
Appellants

v.

Jesus Lozano **SUDAY**,
Appellee

From the County Court at Law, Val Verde County, Texas
Trial Court No. 3625CCL
Honorable Stephen B. Ables, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Liza A. Rodriguez, Justice
Lori Massey Brissette, Justice

Delivered and Filed: September 25, 2024

AFFIRMED

Maryvel Suday brings this appeal, both individually and as an independent executor of the estate of her mother, Olga Tamez de Suday. Maryvel challenges the trial court's June 27, 2023 final order denying her challenge to the trial court's jurisdiction. For the following reasons, we affirm the trial court's order.

### BACKGROUND

In 2017, Olga Tamez de Suday sued her husband, Jesus Lozano Suday, for divorce in Val Verde County, Texas. In 2018, the couple finalized a divorce proceeding in Mexico. In 2019, the

Val Verde court entered a divorce decree which recognized the Mexico divorce and which included orders relating to the distribution of their assets held in Texas. The agreement granted Olga the right to live in their Texas home until her death, at which time the house was to be sold, splitting the proceeds between Olga's estate and Jesus.

After Olga passed away, contrary to the terms of the Texas divorce decree, her daughter Maryvel moved into her parents' home. Then, acting as an independent executor of Olga's estate, Maryvel appealed her parents' Texas divorce decree and property distribution. She argued: 1) the court's interpreter was not qualified to assist her mother, 2) the trial court should not have accepted the validity of her parents' Mexican divorce, 3) the trial court should have asserted jurisdiction and authority over the division of her parents' property in Mexico, and 4) the trial court improperly advocated for her father, Jesus Lozano. This court affirmed the Sudays' divorce and property distribution in *Suday v. Suday*, No. 04-19-00832-CV, 2020 WL 6928447 (Tex. App.—San Antonio Nov. 25, 2020, no pet.) (mem. op.).

Shortly before this court's 2020 opinion issued, Maryvel filed a second proceeding in this court, an emergency motion and petition for writ of mandamus asserting the trial court erred in enforcing the divorce decree and ordering her eviction from the home. This court denied her petition for writ of mandamus to halt the eviction. *See In re Suday*, No. 04-20-00510-CV, 2020 WL 7232130 (Tex. App.—San Antonio Dec. 9, 2020, no pet.) (mem. op.) (orig. proceeding).

Maryvel's contentious legal battle with her father Jesus Lorenzo continued for several years. Between 2021 and 2023, Maryvel filed several motions in her parents' divorce case: a petition for post-decree distribution and division, a motion for turnover of estate assets, a request for accounting, a motion to compel, a motion to set aside the prior order, a plea to the court's jurisdiction and a motion to vacate the prior decree for lack of subject-matter jurisdiction. In the motion to vacate the prior decree for lack of subject-matter jurisdiction, Maryvel asserted for the

first time that the Val Verde court had *no* jurisdiction to consider and rule on her parents' property division because they were already divorced in Mexico.

The trial court denied all of Maryvel's motions in a final order dated June 27, 2023. Counsel for Maryvel timely filed a notice of appeal, but later withdrew after Maryvel indicated that she no longer desired his representation. Maryvel pursued her appeal pro se, on her own behalf and on behalf of her mother's estate. We now address Maryvel's pro se appeal.

### PRO SE REPRESENTATION OF ESTATE ON APPEAL

Only licensed attorneys may represent a decedent's estate at trial or on appeal. *Kankonde v. Mankan*, No. 08-20-00052-CV, 2020 WL 5105806, at *2 (Tex. App.—El Paso Aug. 31, 2020, no pet.) (mem. op.). An appellate brief filed on behalf of a decedent's estate by a pro se litigant who is not authorized to practice law in the State of Texas has no legal effect. *Id*. If no attorney intervenes to submit a brief on behalf of the decedent's estate, the pro se appeal may be dismissed for want of prosecution. *Id*.; *see also* TEX. R. APP. P. 42.3 (involuntary dismissal for want of prosecution).

In this case, after Maryvel dismissed appellate counsel for her and for her mother's estate, we notified her in an order dated January 26, 2024, that she could not represent her mother's estate pro se and extended her deadline for briefing to allow her time to hire new counsel for the estate. *Steele v. McDonald*, 202 S.W.3d 926, 928 (Tex. App.—Waco 2006, order) (per curiam); *Swain v. Dobbs*, No. 13-22-00199-CV, 2023 WL 7783396, at *5 (Tex. App.—Corpus Christi–Edinburg Nov. 16, 2023, no pet. h.); and *Estate of Maupin*, No. 13-17-00555-CV, 2019 WL 3331463, at *2 (Tex. App.—Corpus Christi–Edinburg July 25, 2019, pet. denied) (mem. op.); TEX. R. APP. P. 7. We again extended time to file briefs on March 25, 2024. Because Maryvel has not retained counsel for the estate, we now dismiss the appeal as to the Estate Olga Tamez de Suday for want of prosecution. *See* TEX. R. APP. P. 42.3; *Kankonde*, 2020 WL 5105806, at *2.

## MARYVEL'S STANDING TO APPEAL INDIVIDUALLY

Appellee Jesus Lozano objects to Maryvel's standing to attack his divorce decree individually. Maryvel argues that she gained an individually justiciable interest when she conveyed the Estate's half interest in her parents' house to herself and became a tenant in common with her father, though she offers no authority in support.

Generally, "[a]n individual who is not a party to a final judgment lacks standing to collaterally attack the judgment, unless the individual can establish his or her interests are directly and necessarily affected by the judgment itself." *Interest of A.V.T.R.*, No. 14-19-00986-CV, 2021 WL 924372, at *6 (Tex. App.—Houston [14th Dist.] Mar. 11, 2021, no pet.) (mem. op.) (citing *In re Ocegueda*, 304 S.W.3d 576, 580–81 (Tex. App.—El Paso 2010, pet. denied)); *see also Hawk v. Wallace*, No. 02-21-00044-CV, 2022 WL 60736, at *4 (Tex. App.—Fort Worth Jan. 6, 2022, no pet.) (mem. op.); *Caballero v. Vig*, 600 S.W.3d 452 (Tex. App.—El Paso 2020, pet. denied) (citing *Bair v. Bair*, 415 P.2d 673, 674 (Idaho 1966)). Specifically, regarding divorce decrees, "a non-party to a divorce proceeding lacks standing to collaterally attack a divorce decree where the individual had no pre-existing interest in the divorce proceeding itself." *Interest of A.V.T.R.*, 2021 WL 924372, at *6 (citing *Caballero*, 600 S.W.3d at 452); *see also Kieke v. Cox*, 300 S.W.2d 309, 311 (Tex. App.—San Antonio 1957, no writ) (holding that a stranger to a divorce judgment that was regular and final on its face lacked sufficient interest to collaterally attack the same).

There is an exception. That is when the decree is absolutely void. *See Kieke*, 300 S.W.2d at 311. To take advantage of this exception, the non-party must overcome a presumption that the decree is valid, conclusively demonstrating that the decree is void to establish standing for the collateral attack. *See Kieke*, 300 S.W.2d at 311; *Garcia v. Guerrero*, No. 04-09-00002-CV, 2010 WL 183480, at *1 (Tex. App.—San Antonio Jan 20, 2010, no pet.) (mem. op.) ("Final judgments that are void for jurisdictional defects are subject to collateral attack."); *In re A.G.G.*, 267 S.W.3d

165, 169 (Tex. App.—San Antonio 2008, pet. denied) ("In a collateral attack, we presume the judgment under attack is valid . . . .").

Maryvel seeks to attack the validity of her parents' Texas divorce decree and the property distribution set forth therein by asserting the trial court recognized the Sudays' 2018 Mexican divorce. The trial court's order states (in relevant part):

> IT IS ORDERED AND DECREED that Olga Tamez De Suday, Petitioner, and Jesus Lozano Suday, Respondent, are divorced and that the marriage between them is dissolved on the ground of insupportability.
> The Court finds that the parties were divorced in the Mexican Court of State of Coahuila De Zaragoza on December 17, 2018, by virtue of a Mexican Divorce Decree which is attached hereto as Exhibit R-1 and R-1 Band incorporated herein for all purposes.

It is axiomatic that courts decide cases in which actual controversies exist between the parties. *See Rodriguez v. Aviles*, No. 04-07-00164-CV, 2007 WL 3084721, at *1 (Tex. App.—San Antonio Oct. 24, 2007, no pet.) (mem. op.) (citing *Collier v. Grant*, No. 04-05-00813-CV, 2006 WL 1004822, at *2 (Tex. App.—San Antonio Apr. 19, 2006, no pet.)). Therefore, if a divorced party pursues a suit for divorce, the party can reasonably expect the suit to be dismissed as moot. *See id.*; *see also Hunt v. Hunt*, 453 S.W.2d 377, 378–79 (Tex. App.—Houston [14th Dist.] 1970, no writ) (affirming trial court's dismissal of moot divorce). But, as argued by Jesus Lozano, a potentially moot declaration accompanied by non-moot rulings in the same order does not necessarily undermine the validity of the entire order. *See Supak v. Zboril*, 56 S.W.3d 785, 795 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (citing *Kubena v. Hatch*, 144 Tex. 627, 193 S.W.2d 175, 177 (1946)) ("[A] judgment may be void in part and valid in part provided the valid portion is not so dependent on the invalid as to fall with it.").

Here, even assuming the validity of the prior Mexican decree precluded the Texas court from rendering a divorce, the parties still needed to divide their Texas assets. Community property

not partitioned at the time of the divorce is still subject to being divided even in the same suit after a divorce has been rendered. *Busby v. Busby*, 457 S.W.2d 551, 554–55 (Tex. 1970). Reiterating an extant divorce does not negate the court's jurisdiction to separate shared assets for the first time. *See id.*; *Supak*, 56 S.W.3d at 795.

As mentioned, Olga began the divorce proceedings in Texas before she became divorced in Mexico. Olga then became divorced in Mexico while her Texas divorce proceeding was pending. But the controversy between the spouses was not entirely resolved because they maintained shared assets that were not partitioned by the Mexican court. Therefore, the Val Verde court recognized and adopted the Mexican divorce and moved forward with a Rule 11 agreement between the parties to divide their Texas assets. Based on the Texas Supreme Court's ruling in *Busby*, we conclude that the Val Verde court had subject-matter jurisdiction to resolve the Sudays' property division following their Mexican divorce. *See Busby*, 457 S.W.2d at 554–55. Therefore, we reject Maryvel's proof of invalidity and conclude that she has failed to overcome the presumption that her parents' Texas divorce decree and property distribution is valid.[1]

## CONCLUSION

Because Maryvel Suday is not an attorney and cannot represent her mother's estate, we dismiss the estate's appeal for want of jurisdiction. Because Maryvel cannot show that the trial court's order dividing her parents' Texas property was void, we conclude she has no standing to collaterally attack the decree. Accordingly, we affirm the trial court's June 27, 2023 order.

Lori Massey Brissette, Justice

---

[1] Jesus Lorenzo argues that Maryvel should not be allowed to collaterally attack the trial court's previous rulings, because 1) she previously argued *for* the trial court's jurisdiction in this case and 2) she did not raise her jurisdictional argument in her last appeal. It is true that Maryvel for years has sought, in many filings, to enforce the very judgment she now seeks to invalidate. However, given that Maryvel has not succeeded in any prior appeal, the doctrine of estoppel does not preclude her from taking the contrary position now. *See George Fleming & Fleming & Associates, L.L.P. v. Wilson*, ___ S.W.3d ___, 2024 WL 2226290, *3 (Tex. 2024); *see also Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (stating that subject matter jurisdiction can be raised at any time).