**Reynaldo Antonio MARTINEZ et al., Appellants,**

v.

**Lile EULER, Appellee.**

No. 1001.

Court of Civil Appeals of Texas, Corpus Christi.

June 19, 1975.

Don L. Easton, McAllen, for appellants.

E. G. Henrichson, Henrichson & Henrichson, Edinburg, for appellee.

OPINION

PER CURIAM.

This cause is before the Court on two motions: Appellants' Amended Motion to Extend Time for Filing Record on the grounds that the court reporter, due to her workload, has been unable to prepare the statement of facts; and Appellee's Motion to Dismiss for Failure to Properly File Appeal Bond.

From the facts contained in both motions it appears that the trial court announced its judgment in this cause from the bench on or about January 20, 1975. After that day, appellee states, she submitted to the appellants on two different occasions, copies of a proposed final judgment, to all of which appellants voiced objections. Appellee states that the third and final proposed judgment, which was submitted to the Court and signed on March 17, 1975 as a final judgment, met the earlier objections of appellants. Appellants were furnished a copy of the final judgment which contained a notice of appeal. There was no motion for new trial filed.

The appeal bond was not filed by appellants until May 7, 1975. Appellants seek to excuse their failure to file the bond within 30 days after the rendition of the final judgment (as required by Rule 356, Texas Rules of Civil Procedure) by showing that the District Clerk of Hidalgo County, Texas (wherein this cause originated), did not, pursuant to Rule 306d, T.R.C.P., notify the appellants that a final judgment was entered in the cause until April 22, 1975. Appellants state that the testimony of both the district clerk and a deputy district clerk was that the judgment in the cause was misfiled and not recovered until April 22, 1975. Appellants then filed their appeal

bond on May 7, 1975, and requested the district clerk to prepare the transcript and the court reporter to prepare the statement of facts.

■ Rule 363, T.R.C.P., provides that an appeal is perfected when the notice of appeal is given *and* the bond or affidavit in lieu thereof has been filed. Rule 356, T.R.C.P., provides that the appeal bond "shall" be filed with the clerk within 30 days after rendition of judgment or order overruling motion for new trial. The time limits imposed by Rule 356 are mandatory and jurisdictional. Failure to comply with these rules results in the appeal not being perfected. This Court does not acquire any jurisdiction over this case except to dismiss the appeal. Glidden Company v. Aetna Casualty and Surety Company, 155 Tex. 591, 291 S.W.2d 315 (1956); Flowers v. Muse, 427 S.W.2d 727 (Tex.Civ.App.—San Antonio 1968, err. ref'd); Walker v. S & T Truck Lines, Inc., 409 S.W.2d 942 (Tex.Civ.App.—Corpus Christi 1966, err. ref'd).

■ Appellants argue that the failure of the district clerk to send the postcard notice has an effect on their duty to file an appeal bond and thereby gives them more than the 30 days allowed by Rule 356. Rule 356 states that "the (appeal) bond shall be filed with the Clerk within 30 days after rendition of judgment or order overruling motion for new trial" and not within 30 days after notice to the appellants of the order appealed from. Rule 306d further provides: "Failure (by the clerk) to comply with the provisions of this rule shall not affect the finality of the judgment or order." Thus, if the quoted provisions of Rule 356 are mandatory and jurisdictional, as we hold they are, then the fact that the appeal bond was filed some 51 days after the final judgment was rendered gives this Court no other jurisdiction over this cause than to dismiss the appeal. See Cattle Land Oil Co. v. Willis Drilling Company, Inc., 509 S.W.2d 383 (Tex.Civ.App.—Corpus Christi 1974, no writ).

The amended motion for extension of time is denied. Motion to dismiss the appeal is granted. Appeal dismissed.