**Margarita P. JUAREZ et al., Appellants,**

v.

**Joe H. MARCHAN et al., Appellees.**

**No. 1124.**

Court of Civil Appeals of Texas,
Corpus Christi.

May 6, 1976.

L. Aron Pena, Pena, McDonald, Prestia & Zipp, Edinburg, for appellants.

Menton Murray, Jr., Harlingen, for appellees.

### OPINION

PER CURIAM.

This is an attempted appeal from a judgment entered by the Judge of the 197th District Court of Cameron County on February 13, 1976. On April 14, 1976, the appellant tendered a transcript to the Clerk of this Court for filing. At that time, the appellant was advised by the Clerk that there were certain problems with the procedural steps taken in the appeal and that the transcript should be amended if possible. On April 30, 1976, the Clerk again informed the appellant that his appeal was not properly before this Court and advised him that unless the problems were corrected, the appeal would be dismissed. The transcript indicates that the appellant's appeal bond was not filed until March 19, 1976. This is 35 days after the final judgment was entered by the trial court. Rule 356, T.R.C.P. requires that an appeal bond, when necessary, be filed within 30 days after rendition of judgment in order to properly perfect an appeal. The requirement that an appeal bond be filed within 30 days after rendition of judgment is mandatory and jurisdictional to an appeal. The *Glidden Co. v. The Aetna Casualty & Surety Co.,* 155 Tex. 591, 291 S.W.2d 315 (1956). *Martinez v. Euler,* 524

S.W.2d 814 (Tex.Civ.App.—Corpus Christi 1975, no writ).

 The Court, after reviewing the record on file, is of the opinion that the appeal should be dismissed for lack of jurisdiction.

Therefore, the cause is dismissed with costs assessed against appellant.

Appeal dismissed.