**Idalia L. MANRIQUE, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

**No. 1797.**

Court of Civil Appeals of Texas, Corpus Christi.

March 12, 1981.

Rehearing Denied April 1, 1981.

Jack K. Dahlberg, Dahlberg & Moss, Corpus Christi, for appellant.

Douglas E. Chaves, Kleberg, Dyer, Redford & Weil, Corpus Christi, for appellee.

**OPINION ON MOTION TO DISMISS APPEAL FOR WANT OF JURISDICTION**

**PER CURIAM.**

Appellant, Idalia L. Manrique, attempted to perfect her appeal by filing an

affidavit of Inability to Give Cost in lieu of cost bond pursuant to Rule 355, T.R.C.P. (1978). Rule 355 provides, inter alia, that an affidavit in lieu of bond shall be filed not more than twenty days from the date of rendition of judgment. In the present case, the judgment was entered on July 16, 1980, and appellant did not file her Affidavit of Inability to Give Costs until August 15, 1980. This affidavit was ten days late. It is well established law that the filing of an affidavit in lieu of cost bond within twenty days after rendition of judgment is mandatory and jurisdictional to an appeal. *Dunn v. Dallas County Child Welfare Unit, Texas Department of Human Resources*, 593 S.W.2d 420 (Tex.Civ.App.—Dallas 1980, no writ); *Martinez v. Euler*, 524 S.W.2d 814 (Tex.Civ.App.—Corpus Christi 1975, no writ).

While we are well aware of the due process arguments presented by appellant, we are of the opinion that such appellate requirements do not discriminate on the basis of wealth, vis a vis indigency. The indigent appellant is not deprived of her access to the appellate process. Her right to appeal is guaranteed by the Rules of Civil Procedure set out by the Supreme Court of this State, so long as the appellant complies with those rules. The shortened timetable for filing an appeal in forma pauperis is required in order to have a determination of indigency before the thirty-day jurisdictional filing requirement has passed. The failure to comply with these rules does not avail one of constitutional protection.

The Court, after reviewing the record on file, is of the opinion that the appeal should be dismissed for lack of jurisdiction.