**Jack C. GRUBER, Jr., Appellant,**

v.

**TEXAS STATE BOARD OF PHARMACY, Appellee.**

**No. 16769.**

Court of Civil Appeals of Texas, San Antonio.

May 20, 1981.

Rehearing Denied July 1, 1981.

Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, for appellant.

Robert W. Gauss, Asst. Atty. Gen., Austin, for appellee.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a summary judgment denying relief sought by appellant in a bill of review. Appellant Gruber, through the bill of review, sought to vacate a prior judgment of the same court which affirmed an order of the appellee Texas State Board of Pharmacy (hereafter Board). The order required Gruber to be temporarily suspended from the practice of pharmacy and to pay a $2,250.00 fine.

Appellant Gruber filed Cause No. 8208 as a direct appeal from the Board's order of suspension. The trial court affirmed the Board's order in Cause No. 8208 and signed the judgment on July 26, 1978. Appellant's timely motion for new trial was overruled on or before August 17, 1978. Although Gruber's appeal bond was due on or before September 18, 1978, and despite more than one attempt to file the bond prior to September 18, 1978, the appellant finally filed the appeal bond on September 22, 1978—four days too late. As a consequence of the late filing, this Court dismissed Gruber's direct appeal from Cause No. 8208 for lack of jurisdiction. The appellant then filed a motion for rehearing the direct appeal dismissal. In the motion for rehearing, Gruber raised ten assignments of error. Essentially, Gruber contended that the bond was filed late because the Medina County District Clerk erroneously refused to file the bond. Additionally, the appellant noted that the District Clerk stated that he would not file the bond because he (1) did not know how much the statement of facts would cost and (2) the original surety was not a resident of Medina County.[1] This Court overruled Gruber's motion for rehearing. The Supreme Court of Texas refused a writ of error and also denied appellant's motion for rehearing.

---

1. Appellee emphasizes that the cause of the late bond filing was the negligence of appellant's former attorney.

Gruber then brought a bill of review on the ground that the District Clerk's official mistake deprived appellant of his right to assert a meritorious appeal from Cause No. 8208. In response, the Board filed a motion for summary judgment arguing that the claimed relief by the appellant was barred by res judicata. In a motion for partial summary judgment, Gruber countered by seeking a pre-trial determination of (1) prima facie existence of a meritorious claim and (2) absence of negligence by the appellant.

The Board's motion for summary judgment was granted, as well as the Board's Amended Plea in Bar, Plea in Abatement and Motion to Dismiss. Consequently, the court overruled appellant's motions.

Gruber raises four points of error on appeal. They are that (1) the trial court erred as a matter of law by granting summary judgment based upon res judicata; (2) the trial court erred as a matter of law by granting the Board's Amended Plea in Bar, Plea in Abatement and Motion to Dismiss; (3) the facts establish prima facie proof of Gruber's meritorious claim and (4) the trial court erred in overruling Gruber's motion for partial summary judgment based upon official mistake by the District Clerk and absence of negligence on the part of the appellant. For purposes of this opinion, we will address only the first two issues since they are dispositive of the case.

## RES JUDICATA

 As previously noted, the appellant raised ten assignments of error before this Court in the motion for rehearing the dismissal of Cause No. 8208. Even though Gruber has raised similar, if not the same, arguments before this Court in the motion for rehearing as he raises in the present bill of review suit, those arguments are not res judicata. The only issue previously adjudicated by this Court on direct appeal of Cause No. 8208 was whether the appeal bond had been timely filed. There was no

consideration given by this Court to reasons why the appeal bond was untimely filed. As the Corpus Christi Court emphasized in a per curiam opinion in *Martinez v. Euler*, 524 S.W.2d 814 (Tex.Civ.App.—Corpus Christi 1975, no writ), while discussing Tex. R.Civ.P. 356 prior to the 1981 amendment:

> Rule 356, T.R.C.P., provides that the appeal bond 'shall' be filed with the clerk within 30 days after the rendition of judgment or order overruling motion for new trial. The time limits imposed by Rule 356 are mandatory and jurisdictional. Failure to comply with these rules results in the appeal not being perfected. *This Court does not acquire any jurisdiction over this case except to dismiss the appeal.* [citations omitted] (emphasis added).

524 S.W.2d at 815.[2] Accordingly, this Court had no jurisdiction to hear *any* explanation of appellant's failure to perfect his appeal. Tex.R.Civ.P. 356; *Glidden Company v. Aetna Casualty and Surety Company*, 155 Tex. 591, 595, 291 S.W.2d 315, 318 (1956); *Martinez v. Euler*, 524 S.W.2d at 815. In fact, *no* jurisdiction existed to consider any allegation—even if the allegation were that the District Clerk pointed a gun to the appellant's head and said, "If you try to file that appeal bond Gruber, you will be a dead man!" Significantly, while Rule 356 prevents the vesting of jurisdiction in a direct appeal where the appeal bond has not been timely filed, Rule 356 does not prevent the subsequent presentation of a bill of review—even in cases with such peculiar facts as this one.

The Board's reliance on *Rizk v. Mayad*, 603 S.W.2d 773 (Tex. 1980) regarding the issue of res judicata is misplaced. Res judicata was a defense in *Rizk* only because the very ground urged as a basis for the bill of review had been adjudicated previously. In the direct appeal of Cause No. 8208, this Court had no jurisdiction to consider the appellant's assignments of error. Since the assignments of error were never before this

2. Rule 356 was amended January 1, 1981, to permit the filing of a late appeal bond pursuant to provisions of Tex.R.Civ.P. 21c (Vernon 1981). All references to Rule 356 in this opinion are to the rule prior to the 1981 amendment.

Court, the dismissal of Cause No. 8208 is not dispositive of the similar issues raised in the present bill of review. Accordingly, the appellant's point of error number one is sustained.

## PLEAS AND MOTION TO DISMISS

Did the trial court err in dismissing Gruber's bill of review on the basis of sovereign immunity? The appellant maintains that the trial court erred as a matter of law by granting the Board's Amended Plea in Bar, Plea in Abatement and Motion to Dismiss with regard to the issue of sovereign immunity. The Board's pleas and motion to dismiss stated in pertinent part:

### [PARAGRAPH] VII

There is no allegation that the Plaintiff in this Bill of Review proceeding has either sought or obtained legislative permission to file this lawsuit. In this connection the Defendant will show that the Texas State Board of Pharmacy is an agency of the State of Texas and that this suit is in fact against the State of Texas.

The Board contends that if the purpose of a suit against the state is to control state action or to subject the state to liability, then the suit is not maintainable without express legislative consent. While the appellee has enunciated the proper general rule of law involving sovereign immunity, the present case falls within the ambit of an exception to the general rule:

A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is *entitled* to *judicial review* under this Act. (emphasis added)

Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat. art. 6252–13a, § 19(a) (Vernon 1979).

■ Administrative decisions of the State Board of Pharmacy are subject to

review under this article. *See Texas State Board of Pharmacy v. Kittman*, 550 S.W.2d 104 (Tex.Civ.App.—Tyler 1977, no writ).

■ There is no question that the appellant is an entitled party to judicial review under section 19(a). Consequently, the defense of sovereign immunity is not applicable in the appellant's case. Therefore, we sustain appellant's point of error number two.[3]

As a result, the judgment of the trial court is reversed and the case is remanded to that court for further proceedings consistent with this opinion.

upon the issue of official mistake.

---

**3.** We note, parenthetically, that we have not addressed nor suggest any particular ruling