TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00502-CV






Deecye Clayton Bedell, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. D-1-GV-10-001226, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING




M EM O R A N D U M O P I N I O N



 Deecye Clayton Bedell brings this interlocutory appeal from the trial court's order
granting the State's plea to the jurisdiction as to Bedell's counterclaim for bill of review. He
contends that the trial court erred by implicitly denying his challenges to its jurisdiction on the
State's claim against him and by granting the State's plea to the jurisdiction regarding his
counterclaim. We will reverse the trial court's order granting the State's plea to the jurisdiction,
deny that plea, and remand for further proceedings. We will dismiss for want of jurisdiction Bedell's
complaints about the implicit denials of his challenges to the jurisdiction of the court to consider the
State's suit against him.


BACKGROUND


 On information that certain oil and injection wells had not been timely plugged, the
Commission held a public hearing in which Bedell purportedly participated by telephone. The
Commission directed Bedell to pay $28,000 for violations of safety and pollution-control
requirements related to wells and also ordered him to plug the wells. When he failed to comply, the
State of Texas, "acting by and through the Attorney General of Texas, on behalf of the Railroad
Commission of Texas," sued to recover the penalties assessed by the Commission as well as
attorney's fees, court costs, and the State money spent to plug the wells.

 Bedell answered that he is not liable in the capacity in which he is sued, that he did
not execute the documents by which he was deemed responsible for the wells, and that there is a
defect of parties. He alleged that he did not receive notice of the administrative hearing and did not
authorize anyone else to be his agent for service. He asserted that the Commission's order for
payment and plugging was issued against him when he was not an oil and gas operator and did not
own or operate the relevant lease. In response to the State's motion for summary judgment on its
claims against Bedell, he asserted that his father (Deecye Bruce Bedell) is the owner of the company
and the operator of the lease and that "persons who are not parties to this proceeding [were] filing
documents under [appellant's] name, signing his name, and purporting to act as his agent without
his knowledge, permission, and consent." Bedell filed a counterclaim for bill of review of the
Commission's original assessment of the penalties and costs, as well as a separate bill of review
action not currently before this Court.

 The parties filed motions that requested disposition of some claims. The State filed
a motion for partial summary judgment seeking the Commission's award of penalties and costs in
a judgment. In response to Bedell's counterclaim, the State filed a plea to the jurisdiction urging that
the trial court lacked jurisdiction over the counterclaim because Bedell had not demonstrated that
the State had waived sovereign immunity from a bill of review, because the counterclaim was an
impermissible collateral attack on a judgment, and because Bedell had failed to join a party necessary
to his counterclaim. Bedell filed motions for summary judgment and to dismiss against the State's
claims, asserting in both that the Commission never had jurisdiction over him because he was never
the operator of the oil and gas lease.

 The trial court has granted some relief in this case. While not expressly ruling on
Bedell's motions regarding the State's collection claim, the trial court granted the State's Motion for
Partial Summary Judgment on its claims. In rendering that partial summary judgment, the court
awarded the requested administrative penalties, civil penalties, and reimbursement of plugging costs,
but expressly declared that the order was not a final judgment and was not appealable. It concluded
that the State was entitled to attorney's fees but reserved awarding a specific amount until after "final
trial." The trial court also granted the State's plea to the jurisdiction on Bedell's bill-of-review
counterclaim without stating a basis.

 Bedell filed a notice of appeal from the Order on Plaintiff's Plea to the Jurisdiction
on Defendant's Original Counterclaim for Bill of Review.


DISCUSSION


 Bedell raises two issues on appeal: (1) whether the trial court erred in implicitly
denying his challenges to the court's jurisdiction over claims against him, (2) whether the trial court
erred in granting the State's plea to the jurisdiction on his counterclaim.

 I. Bedell's challenge to jurisdiction of the claims against him

 We lack jurisdiction to consider Bedell's first issue. Parties typically may appeal only
from final orders or judgments. Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992). 
Interlocutory orders are appealable only if specifically authorized by statute. Id. at 272. We strictly
construe the statute permitting interlocutory appeals. See Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014 (West Supp. 2011); see also Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 355
(Tex. 2001). There is no final trial-court order or judgment in the record, and section 51.014 does
not permit an interlocutory appeal from the denial of an individual's motions asserting that the trial
court lacks jurisdiction over an agency's collection claims against him.

 Bedell argues that our jurisdiction over the interlocutory appeal from the grant of the
State's plea to the jurisdiction against his counterclaim (1) enables us to consider other jurisdictional
issues from the trial court as well. Although we may consider jurisdictional challenges for the
first time on appeal, the cases he cites do not involve the statutorily limited interlocutory
appeal.  See Methodist Hosps. v. Texas Workers' Comp. Comm'n, 874 S.W.2d 144, 149 (Tex.
App.--Austin 1994, no writ); Pacific Emp'rs Ins. Co. v. Twelve Oaks Med. Ctr., No. 03-08-00059,
2010 WL 1511753 (Tex. App.--Austin Apr. 16, 2010, no pet.) (mem. op.). As the Fort Worth court
has written, "[a]n interlocutory order that is explicitly appealable under section 51.014 may not be
used as a vehicle for carrying other nonappealable interlocutory orders to the appellate court." 
Astoria Indus. of Iowa, Inc. v. SNF, Inc., 223 S.W.3d 616, 627 n.24 (Tex. App.--Fort Worth 2007,
pet. denied). We lack the power to consider on interlocutory appeal any denial of Bedell's motion
to dismiss the State's enforcement action.


II. The State's plea to the jurisdiction on the counterclaim

 By contrast, we undisputedly have jurisdiction to review the grant of the State's plea
to the jurisdiction on Bedell's bill-of-review counterclaim. See Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(8). We review a trial court's ruling on a plea to the jurisdiction under a de novo standard
of review. Texas Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). A plea
to the jurisdiction can challenge either the pleadings or the existence of jurisdictional facts. Id. If
the plea to the jurisdiction challenges the pleadings, we determine whether the pleader has alleged
facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. Id. If a plaintiff
fails to plead sufficient facts affirmatively demonstrating the trial court's jurisdiction, but the
pleadings do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of
pleading, and the plaintiff should have an opportunity to amend. Id. at 226-27. However, if the
pleadings affirmatively negate the existence of jurisdiction, a plea to the jurisdiction may be granted
without allowing the plaintiff a chance to amend. Id. at 227. The trial court here granted the plea
without specifying a basis, so we must affirm if any of the bases for the plea is valid. See Britton
v. Texas Dep't of Criminal Justice, 95 S.W.3d 676, 681 (Tex. App.--Houston [1st Dist.] 2002,
no pet.). (2) We are limited on interlocutory appeal to considering the issues raised at the trial court. 
See Austin Indep. Sch. Dist. v. Lowery, 212 S.W.3d 827, 834 (Tex. App.--Austin 2006, pet. denied).

 The State raised three grounds in its plea to the jurisdiction: (1) Bedell failed to
demonstrate a valid waiver of sovereign immunity, (2) Bedell's counterclaim is an impermissible
collateral attack recast as a bill of review, and (3) Bedell's failure to join Bruce, a necessary party,
renders his bill of review a collateral attack over which the trial court has no jurisdiction. Bedell
replied that (1) the State waived its sovereign immunity from claims challenging the fees award by
filing the collection suit, (2) his counterclaim is a permissible direct attack, and (3) Bruce is not a
necessary party to the bill of review because he has no real, present interest in the Commission's
final order. He reiterates those arguments on appeal.


Sovereign immunity

 Bedell argues that the State waived its immunity regarding the bill of review
challenge to the Commission's order by suing to enforce the Commission's order, citing Reata
Constr. Corp. v. City of Dallas, 197 S.W.3d 371, 375 (Tex. 2006). The State contends that Bedell's
bill of review is outside the Reata waiver-by-suit exception to sovereign immunity and that Bedell
has failed to show that sovereign immunity has been waived. See Texas Natural Res. Conservation
Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002).

 In Reata, the supreme court held that governmental entities that sue individuals waive
their immunity from related claims because they have decided to set aside one of the main
protections of sovereign immunity:


 [I]f the governmental entity interjects itself into or chooses to engage in litigation to
assert affirmative claims for monetary damages, the entity will presumably have
made a decision to expend resources to pay litigation costs. If the opposing party's
claims can operate only as an offset to reduce the government's recovery, no tax
resources will be called upon to pay a judgment, and the fiscal planning of the
governmental entity should not be disrupted. Therefore, a determination that a
governmental entity's immunity from suit does not extend to a situation where the
entity has filed suit is consistent with the policy issues involved with immunity. In
this situation, we believe it would be fundamentally unfair to allow a governmental
entity to assert affirmative claims against a party while claiming it had immunity as
to the party's claims against it.



Reata, 197 S.W.3d at 375. (3) The supreme court defined the limited waiver of immunity as follows:


 [T]he decision by the City of Dallas to file suit for damages encompassed a decision
to leave its sphere of immunity from suit for claims against it which are germane to,
connected with and properly defensive to claims the City asserts. Once it asserts
affirmative claims for monetary recovery, the City must participate in the litigation
process as an ordinary litigant, save for the limitation that the City continues to have
immunity from affirmative damage claims against it for monetary relief exceeding
amounts necessary to offset the City's claims.


Id. at 377.

 The State contends that the waiver theory from Reata does not encompass Bedell's
counterclaim because he does not seek "true offset." Rather than trying to use different amounts the
State allegedly owes him to reduce the damages he allegedly owes the State, Bedell seeks to
eliminate the State's damage award itself. The State contends that elimination is not offset. (4)

 We do not find the holding of Reata so limited. The State's interpretation of Reata
would create a system in which a party deprived of notice of an original claim by the State could
respond with related claims, but could not fight the original claim. That is contrary to the equitable
underpinnings of Reata and of bills of review in general. The Reata opinion permits counterclaims
that are "germane to" or "connected with" the claims the State is asserting affirmatively against the
claimant. What could be more germane to or connected with a judgment than its own validity? In
discussing offset, the Reata court preserves the waiver of immunity from competing claims by the
defense that would exceed the damages recovered by the State. That limitation provides a balance
of equity between individuals with otherwise noncompensable injuries inflicted by State actors and
protection of the State's coffers for the benefit of all citizens. Reata, 197 S.W.3d at 375. To
paraphrase Reata, it would be fundamentally unfair to allow a governmental entity to assert an
affirmative claim against a party while claiming it had immunity as to the party's contention that the
State's claim was established without notice to or participation by the party, and contrary to the
evidence the party would have presented had it known of the underlying proceeding.

 Bedell's counter claim, by which he seeks to vacate and replace the order underlying
the penalties, is self-limiting to the amount of the judgment. We conclude that he has shown that
his bill-of-review counterclaim is within the scope of the waiver of sovereign immunity described
in Reata.

Collateral attack

 The State contends that Bedell has "recast his impermissible collateral attack as a bill
of review in order to make an end-run around the trial court's lack of subject matter jurisdiction" as
well as the trial court's grant of the State's motion for partial summary judgment. On appeal, the
State enumerates five theories as to why Bedell's bill of review is an impermissible collateral attack
over which the trial court has no jurisdiction: (1) a bill of review must be brought as a separate
lawsuit not as a counterclaim, (2) allowing a bill of review to be used defensively in response to an
enforcement action would create an inconstruable evidentiary standard, (3) the counterclaim is not
a bill of review because it was not instituted for the purpose of reforming the final order, (4) the
district court cannot conduct the review because it will violate separation of powers, (5) the bill of
review should be against the Commission, not the State. We cannot consider the first, second, and
fourth theories because they were not raised at the trial court. (5) See Lowery, 212 S.W.3d at 834.

 The State urges correctly that we cannot simply accept that Bedell's counterclaim is
truly a bill of review but must evaluate the pleadings. The State reasons that Bedell seeks to avoid,
rather than correct, the Commission's order and, therefore, that the counterclaim is a collateral attack
that the district court does not have the jurisdiction to entertain. The State also emphasizes that the
counterclaim arises in a suit that was brought to enforce the Commission's order, not correct it.

 Bedell's counterclaim resembles the description the Texas Supreme Court provided
for a bill of review:



 A bill of review is an equitable proceeding to set aside a judgment that is not void on
the face of the record but is no longer appealable or subject to a motion for new trial. 
Baker v. Goldsmith, 582 S.W.2d 404, 406 (Tex. 1979); Schwartz v. Jefferson,
520 S.W.2d 881, 889 (Tex. 1975). A bill of review is proper where a party has
exercised due diligence to prosecute all adequate legal remedies against a former
judgment, and at the time the bill of review is filed, there remains no such adequate
legal remedy still available because, through no fault of the bill's proponent, fraud,
accident, or mistake precludes presentation of a meritorious claim or defense. Baker,
582 S.W.2d at 408. The grounds upon which a bill of review can be obtained are
narrow because the procedure conflicts with the fundamental policy that judgments
must become final at some point. Alexander v. Hagedorn, 148 Tex. 565,
226 S.W.2d 996, 998 (1950); Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94, 96
(1940) (noting that a bill of review requires "something more than injustice"). Thus,
a bill of review petitioner must ordinarily plead and prove (1) a meritorious defense
to the cause of action alleged to support the judgment, (2) that the petitioner was
prevented from making by the fraud, accident or wrongful act of his or her opponent,
and (3) the petitioner was not negligent. Alexander, 226 S.W.2d at 998. If the
complainant proves that he was not served with process, however, he is not required
to show either of the first two requirements, and his own want of fault or negligence
is established. Caldwell v. Barnes, 975 S.W.2d 535, 537 (Tex. 1998).

King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751-52 (Tex. 2003). The San Antonio court has
held that agency orders can be challenged by judicial bill of review when judicial review is otherwise
authorized. See Gruber v. Texas State Bd. of Pharmacy, 619 S.W.2d 564, 567 (Tex. Civ. App.--San
Antonio 1981, no writ). Texas statutes permit a party aggrieved by a Commission order assessing
a penalty to seek judicial review by filing a petition in Travis County district court within thirty days
of the final decision. See Tex. Nat. Res. Code Ann. § 81.0533(e) (West 2011) (adopting procedures
in Tex. Gov't Code Ann. § 2001.176(a) (West 2008)). The Commission order that Bedell seeks to
challenge was signed May 9, 2002. This suit to enforce was filed on August 6, 2010, and Bedell
filed his counterclaim on June 13, 2011. Standard judicial review was no longer available. Bedell
does not argue that the order is void on its face, but that the Commission provided no notice to him. 
Aside from the fact that it seeks by judicial review to overturn an agency order, Bedell's
counterclaim fits the classic bill-of-review profile.

 Contrary to the State's contention, the relief Bedell seeks is consistent with his
counterclaim being a bill of review. A bill of review is instituted to correct an earlier judgment or
order and, therefore, is a direct attack on the judgment. Sweetwater Austin Props., L.L.C. v. SOS
Alliance, Inc., 299 S.W.3d 879, 885 (Tex. App.--Austin 2009, pet. denied) (other direct attacks
include appeals and motions for new trial). A collateral attack does not seek a corrected,
replacement judgment, but seeks to avoid the effect of the judgment. Id. By his counterclaim,
Bedell contends that he was found liable without receiving notice or participating in the hearing
through no fault of his own. He contends that the order and judgment incorrectly hold him
responsible for plugging the wells and paying the penalties. Bedell does not seek merely to avoid
the effect of the Commission's order, but wants the order supplanted by a take-nothing judgment. 
This is a direct attack, essentially operating like a suit for judicial review or an appeal. Sovereign
immunity is waived concerning a bill of review filed in a trial court seeking review of an agency
order. See generally Gruber, 619 S.W.2d at 567.

 The State contends that it retains sovereign immunity because the bill-of-review
counterclaim is improperly lodged against the State rather than the Commission. The State argues
that it is a separate entity from the Commission (6) and that the Commission is the proper party to
defend the order. (7) The State's argument ignores the fact that it filed this suit "on behalf of the
Commission." The State also ignores the supreme court's opinion that, by filing suit, the State
waives sovereign immunity from related claims. See Reata, 197 S.W.3d at 375 ("it would be
fundamentally unfair to allow a governmental entity to assert affirmative claims against a party while
claiming it had immunity as to the party's claims against it"). By filing suit seeking judgment for
the administrative and civil penalties assessed as well as the related plugging expenses and attorney's
fees, the State has waived sovereign immunity from Bedell's counterclaim by which he seeks to have
the order underlying the State's claim for penalties, plugging expenses, and attorney's fees vacated
and replaced by a take nothing judgment.

 

Necessary party

 The State contends that Bedell's father, Bruce, is a necessary party to the bill of
review. A party who brings a bill of review must join "all parties whose interests are such that they
would be, or might be, directly and materially affected" in order to make the attack a direct one. 
Lowe v. Farm Credit Bank, 2 S.W.3d 293, 297 (Tex. App.--San Antonio 1999, pet. denied). Bruce
undisputedly is not a party to the judgment Bedell is challenging, but the State cites cases holding
that necessary parties in a bill of review can exceed parties to the judgment, including the following
parties: (1) all co-makers of a note in a bill to set aside deficiency judgment on that note, (8) (2) current
owners of animals in a bill to set aside an order that conferred ownership of the animals on that
current owner, (9) and (3) beneficiaries of a trust established in a divorce property settlement when one
former spouse challenges the property settlement. (10) The State contends that Bruce's interests are
similarly directly affected because "he will be responsible for [the State's] claims if it is determined
[Bedell] is not the operator of record."

 The State does not point to any pleading or proof that the setting aside of the
judgment against Bedell will, by itself, impose responsibility on Bruce as a direct result. Bruce is
currently unencumbered by any share of or contingent responsibility for the judgment. Unlike with
the parties in the cases the State cites--a co-maker of a note whose liability would increase if a
deficiency judgment against another co-maker is set aside, an animal owner whose ownership would
be voided if the judgment awarding it ownership is set aside, or the beneficiaries of a trust that might
be voided or have its principal reduced if the property settlement creating the trust is set
aside (11)--setting aside the judgment against Bedell will not automatically impose responsibility for
the penalties and expenses on Bruce. To do so, the Commission would have to initiate a claim
against Bruce and prove his responsibility for the penalties and expenses. Because Bruce's interests
will not be directly affected if the judgment against Bedell is set aside, he is not a necessary party
to the bill of review. Because he is not a necessary party, Bruce's absence did not convert this bill
of review into an impermissible collateral attack and strip the trial court of jurisdiction.


CONCLUSION


 We reverse the Order on Plaintiff's Plea to the Jurisdiction on Defendant's Original
Counterclaim for Bill of Review and render a decision denying that plea. We lack jurisdiction to
otherwise opine on any action by the trial court. The case may resume in the trial court absent
further action by the parties or by the Texas Supreme Court.



 

 Jeff Rose, Justice

Before Justices Puryear, Rose, and Goodwin

Reversed and Rendered in part; Dismissed in part

Filed: July 6, 2012
1. A person may appeal from an interlocutory order that "grants or denies a plea to the
jurisdiction by a governmental unit." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West
Supp. 2011).
2. Cf. FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000) ("When
the trial court does not specify the basis for its summary judgment, the appealing party must show
on appeal that each independent ground alleged is insufficient to support the summary judgment
granted"); Nobility Homes, Inc. v. Shivers, 557 S.W.2d 77, 83 (Tex. 1977) (appellant's failure to
challenge separate and independent ground of recovery for negligence required affirmance).
3. Although the Reata case concerned a city, not the State, that opinion does not hold or
intimate that the waiver-by-litigation concept applies differently to the State than it does to a city. 
See generally Reata Construction Corp. v. City of Dallas, 197 S.W.3d 371, 375 (Tex. 2006).
4. We address the State's contention that the counterclaim is an impermissible collateral
attack and, as such, is not "properly defensive" to the State's claim, separately below.
5. In the event these issues can be deemed so fundamental as to be reviewable for the
first time on appeal, we will briefly address them:


(1) We find no support for the proposition that, where the trial court has jurisdiction to grant the
relief requested and the necessary parties before it, the court nevertheless lacks jurisdiction over a
bill of review when it is brought as a counterclaim. The State relies on the supreme court's statement
that "a bill of review is a separate proceeding from the underlying suit." Ross v. National Ctr. for
the Emp't of the Disabled, 197 S.W.3d 795, 798 (Tex. 2006) (emphasis added). The State gives
insufficient weight to the final prepositional phrase in that quotation. This enforcement proceeding
is a separate proceeding from the underlying, challenged Commission order or a direct suit for
judicial review arising from it. Filing the bill of review within this separate collection proceeding
does not conflict with Ross.


(2) A possible difficulty related to the application of different evidentiary standards to different
issues within a single case does not implicate the trial court's jurisdiction.


(4) To the extent that judicial review impinges on separation of powers, it is authorized by statute. 
See Tex. Nat. Res. Code Ann. § 81.0533(e) (West 2011) (adopting procedures in Tex. Gov't Code
Ann. § 2001.176(a) (West 2008)). The State does not explain how a bill of review's tread is
impermissibly broader than a standard suit for judicial review. The State's position could endorse
unscrupulous agency employees' imposition of huge fines on unserved, unsuspecting persons that
would become unreviewable thirty days after they are imposed. The individuals' constitutional
rights to be free from unreasonable seizures and to due process before deprivation of property are
at least competitive with concerns for separation of powers of the branches of government.
6. See Ortiz Oil Co., Inc. v. Railroad Comm'n, 62 S.W.2d 376, 378-79 (Tex. Civ.
App.--Texarkana 1933, no writ h.).
7. See Tex. Nat. Res. Code Ann. § 85.241 (West 2011).
8. See Lowe v. Farm Credit Bank, 2 S.W.3d 293, 297 (Tex. App.--San Antonio 1999,
pet. denied).
9. See Chambers v. Perry, No. 05-09-00407-CV, 2010 Tex. App. LEXIS 2054, at *5 (Tex.
App.--Dallas March 24, 2010, writ dism'd w.o.j.) (mem. op.).
10. See Neill v. Neill, 386 S.W.2d 642, 645 (Tex. Civ. App.--Austin 1965, writ
dism'd w.o.j.).
11. See Lowe, 2 S.W.3d at 297; Chambers, 2010 Tex. App. LEXIS 2054, at *5; Neill,
386 S.W.2d at 645-46.