# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00502-CV

**Deecye Clayton Bedell, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-GV-10-001226, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

## MEMORANDUM OPINION

Deecye Clayton Bedell brings this interlocutory appeal from the trial court's order granting the State's plea to the jurisdiction as to Bedell's counterclaim for bill of review. He contends that the trial court erred by implicitly denying his challenges to its jurisdiction on the State's claim against him and by granting the State's plea to the jurisdiction regarding his counterclaim. We will reverse the trial court's order granting the State's plea to the jurisdiction, deny that plea, and remand for further proceedings. We will dismiss for want of jurisdiction Bedell's complaints about the implicit denials of his challenges to the jurisdiction of the court to consider the State's suit against him.

## BACKGROUND

On information that certain oil and injection wells had not been timely plugged, the Commission held a public hearing in which Bedell purportedly participated by telephone. The

Commission directed Bedell to pay $28,000 for violations of safety and pollution-control requirements related to wells and also ordered him to plug the wells. When he failed to comply, the State of Texas, "acting by and through the Attorney General of Texas, on behalf of the Railroad Commission of Texas," sued to recover the penalties assessed by the Commission as well as attorney's fees, court costs, and the State money spent to plug the wells.

Bedell answered that he is not liable in the capacity in which he is sued, that he did not execute the documents by which he was deemed responsible for the wells, and that there is a defect of parties. He alleged that he did not receive notice of the administrative hearing and did not authorize anyone else to be his agent for service. He asserted that the Commission's order for payment and plugging was issued against him when he was not an oil and gas operator and did not own or operate the relevant lease. In response to the State's motion for summary judgment on its claims against Bedell, he asserted that his father (Deecye Bruce Bedell) is the owner of the company and the operator of the lease and that "persons who are not parties to this proceeding [were] filing documents under [appellant's] name, signing his name, and purporting to act as his agent without his knowledge, permission, and consent." Bedell filed a counterclaim for bill of review of the Commission's original assessment of the penalties and costs, as well as a separate bill of review action not currently before this Court.

The parties filed motions that requested disposition of some claims. The State filed a motion for partial summary judgment seeking the Commission's award of penalties and costs in a judgment. In response to Bedell's counterclaim, the State filed a plea to the jurisdiction urging that the trial court lacked jurisdiction over the counterclaim because Bedell had not demonstrated that

2

the State had waived sovereign immunity from a bill of review, because the counterclaim was an impermissible collateral attack on a judgment, and because Bedell had failed to join a party necessary to his counterclaim. Bedell filed motions for summary judgment and to dismiss against the State's claims, asserting in both that the Commission never had jurisdiction over him because he was never the operator of the oil and gas lease.

The trial court has granted some relief in this case. While not expressly ruling on Bedell's motions regarding the State's collection claim, the trial court granted the State's Motion for Partial Summary Judgment on its claims. In rendering that partial summary judgment, the court awarded the requested administrative penalties, civil penalties, and reimbursement of plugging costs, but expressly declared that the order was not a final judgment and was not appealable. It concluded that the State was entitled to attorney's fees but reserved awarding a specific amount until after "final trial." The trial court also granted the State's plea to the jurisdiction on Bedell's bill-of-review counterclaim without stating a basis.

Bedell filed a notice of appeal from the Order on Plaintiff's Plea to the Jurisdiction on Defendant's Original Counterclaim for Bill of Review.

## DISCUSSION

Bedell raises two issues on appeal: (1) whether the trial court erred in implicitly denying his challenges to the court's jurisdiction over claims against him, (2) whether the trial court erred in granting the State's plea to the jurisdiction on his counterclaim.

## I. Bedell's challenge to jurisdiction of the claims against him

We lack jurisdiction to consider Bedell's first issue. Parties typically may appeal only from final orders or judgments. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). Interlocutory orders are appealable only if specifically authorized by statute. *Id.* at 272. We strictly construe the statute permitting interlocutory appeals. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2011); *see also Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001). There is no final trial-court order or judgment in the record, and section 51.014 does not permit an interlocutory appeal from the denial of an individual's motions asserting that the trial court lacks jurisdiction over an agency's collection claims against him.

Bedell argues that our jurisdiction over the interlocutory appeal from the grant of the State's plea to the jurisdiction against his counterclaim[1] enables us to consider other jurisdictional issues from the trial court as well. Although we may consider jurisdictional challenges for the first time on appeal, the cases he cites do not involve the statutorily limited interlocutory appeal. *See Methodist Hosps. v. Texas Workers' Comp. Comm'n*, 874 S.W.2d 144, 149 (Tex. App.—Austin 1994, no writ); *Pacific Emp'rs Ins. Co. v. Twelve Oaks Med. Ctr.*, No. 03-08-00059, 2010 WL 1511753 (Tex. App.—Austin Apr. 16, 2010, no pet.) (mem. op.). As the Fort Worth court

---

[1] A person may appeal from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2011).

has written, "[a]n interlocutory order that is explicitly appealable under section 51.014 may not be used as a vehicle for carrying other nonappealable interlocutory orders to the appellate court." *Astoria Indus. of Iowa, Inc. v. SNF, Inc.*, 223 S.W.3d 616, 627 n.24 (Tex. App.—Fort Worth 2007, pet. denied). We lack the power to consider on interlocutory appeal any denial of Bedell's motion to dismiss the State's enforcement action.

## II. The State's plea to the jurisdiction on the counterclaim

By contrast, we undisputedly have jurisdiction to review the grant of the State's plea to the jurisdiction on Bedell's bill-of-review counterclaim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8). We review a trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A plea to the jurisdiction can challenge either the pleadings or the existence of jurisdictional facts. *Id.* If the plea to the jurisdiction challenges the pleadings, we determine whether the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *Id.* If a plaintiff fails to plead sufficient facts affirmatively demonstrating the trial court's jurisdiction, but the pleadings do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading, and the plaintiff should have an opportunity to amend. *Id.* at 226-27. However, if the pleadings affirmatively negate the existence of jurisdiction, a plea to the jurisdiction may be granted without allowing the plaintiff a chance to amend. *Id.* at 227. The trial court here granted the plea without specifying a basis, so we must affirm if any of the bases for the plea is valid. *See Britton v. Texas Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002,

5

no pet.).[2]  We are limited on interlocutory appeal to considering the issues raised at the trial court. *See Austin Indep. Sch. Dist. v. Lowery*, 212 S.W.3d 827, 834 (Tex. App.—Austin 2006, pet. denied).

The State raised three grounds in its plea to the jurisdiction:  (1) Bedell failed to demonstrate a valid waiver of sovereign immunity, (2) Bedell's counterclaim is an impermissible collateral attack recast as a bill of review, and (3) Bedell's failure to join Bruce, a necessary party, renders his bill of review a collateral attack over which the trial court has no jurisdiction.  Bedell replied that (1) the State waived its sovereign immunity from claims challenging the fees award by filing the collection suit, (2) his counterclaim is a permissible direct attack, and (3) Bruce is not a necessary party to the bill of review because he has no real, present interest in the Commission's final order.  He reiterates those arguments on appeal.

**Sovereign immunity**

Bedell argues that the State waived its immunity regarding the bill of review challenge to the Commission's order by suing to enforce the Commission's order, citing *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 375 (Tex. 2006).  The State contends that Bedell's bill of review is outside the *Reata* waiver-by-suit exception to sovereign immunity and that Bedell has failed to show that sovereign immunity has been waived. *See Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

---

[2]  *Cf. FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000) ("When the trial court does not specify the basis for its summary judgment, the appealing party must show on appeal that each independent ground alleged is insufficient to support the summary judgment granted"); *Nobility Homes, Inc. v. Shivers*, 557 S.W.2d 77, 83 (Tex. 1977) (appellant's failure to challenge separate and independent ground of recovery for negligence required affirmance).

In *Reata*, the supreme court held that governmental entities that sue individuals waive their immunity from related claims because they have decided to set aside one of the main protections of sovereign immunity:

> [I]f the governmental entity interjects itself into or chooses to engage in litigation to assert affirmative claims for monetary damages, the entity will presumably have made a decision to expend resources to pay litigation costs. If the opposing party's claims can operate only as an offset to reduce the government's recovery, no tax resources will be called upon to pay a judgment, and the fiscal planning of the governmental entity should not be disrupted. Therefore, a determination that a governmental entity's immunity from suit does not extend to a situation where the entity has filed suit is consistent with the policy issues involved with immunity. In this situation, we believe it would be fundamentally unfair to allow a governmental entity to assert affirmative claims against a party while claiming it had immunity as to the party's claims against it.

*Reata*, 197 S.W.3d at 375.[3] The supreme court defined the limited waiver of immunity as follows:

> [T]he decision by the City of Dallas to file suit for damages encompassed a decision to leave its sphere of immunity from suit for claims against it which are germane to, connected with and properly defensive to claims the City asserts. Once it asserts affirmative claims for monetary recovery, the City must participate in the litigation process as an ordinary litigant, save for the limitation that the City continues to have immunity from affirmative damage claims against it for monetary relief exceeding amounts necessary to offset the City's claims.

*Id.* at 377.

The State contends that the waiver theory from *Reata* does not encompass Bedell's counterclaim because he does not seek "true offset." Rather than trying to use different amounts the

---

[3] Although the *Reata* case concerned a city, not the State, that opinion does not hold or intimate that the waiver-by-litigation concept applies differently to the State than it does to a city. *See generally Reata Construction Corp. v. City of Dallas*, 197 S.W.3d 371, 375 (Tex. 2006).

7

State allegedly owes him to reduce the damages he allegedly owes the State, Bedell seeks to eliminate the State's damage award itself. The State contends that elimination is not offset.[4]

We do not find the holding of *Reata* so limited. The State's interpretation of *Reata* would create a system in which a party deprived of notice of an original claim by the State could respond with related claims, but could not fight the original claim. That is contrary to the equitable underpinnings of *Reata* and of bills of review in general. The *Reata* opinion permits counterclaims that are "germane to" or "connected with" the claims the State is asserting affirmatively against the claimant. What could be more germane to or connected with a judgment than its own validity? In discussing offset, the *Reata* court preserves the waiver of immunity from competing claims by the defense that would exceed the damages recovered by the State. That limitation provides a balance of equity between individuals with otherwise noncompensable injuries inflicted by State actors and protection of the State's coffers for the benefit of all citizens. *Reata*, 197 S.W.3d at 375. To paraphrase *Reata*, it would be fundamentally unfair to allow a governmental entity to assert an affirmative claim against a party while claiming it had immunity as to the party's contention that the State's claim was established without notice to or participation by the party, and contrary to the evidence the party would have presented had it known of the underlying proceeding.

Bedell's counter claim, by which he seeks to vacate and replace the order underlying the penalties, is self-limiting to the amount of the judgment. We conclude that he has shown that his bill-of-review counterclaim is within the scope of the waiver of sovereign immunity described in *Reata*.

---

[4] We address the State's contention that the counterclaim is an impermissible collateral attack and, as such, is not "properly defensive" to the State's claim, separately below.

8

**Collateral attack**

The State contends that Bedell has "recast his impermissible collateral attack as a bill of review in order to make an end-run around the trial court's lack of subject matter jurisdiction" as well as the trial court's grant of the State's motion for partial summary judgment. On appeal, the State enumerates five theories as to why Bedell's bill of review is an impermissible collateral attack over which the trial court has no jurisdiction: (1) a bill of review must be brought as a separate lawsuit not as a counterclaim, (2) allowing a bill of review to be used defensively in response to an enforcement action would create an inconstruable evidentiary standard, (3) the counterclaim is not a bill of review because it was not instituted for the purpose of reforming the final order, (4) the district court cannot conduct the review because it will violate separation of powers, (5) the bill of review should be against the Commission, not the State. We cannot consider the first, second, and fourth theories because they were not raised at the trial court.[5] *See Lowery*, 212 S.W.3d at 834.

_____

[5] In the event these issues can be deemed so fundamental as to be reviewable for the first time on appeal, we will briefly address them:

(1) We find no support for the proposition that, where the trial court has jurisdiction to grant the relief requested and the necessary parties before it, the court nevertheless lacks jurisdiction over a bill of review when it is brought as a counterclaim. The State relies on the supreme court's statement that "a bill of review is a separate proceeding *from the underlying suit*." *Ross v. National Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 798 (Tex. 2006) (emphasis added). The State gives insufficient weight to the final prepositional phrase in that quotation. This enforcement proceeding is a separate proceeding from the underlying, challenged Commission order or a direct suit for judicial review arising from it. Filing the bill of review within this separate collection proceeding does not conflict with *Ross*.

(2) A possible difficulty related to the application of different evidentiary standards to different issues within a single case does not implicate the trial court's jurisdiction.

(4) To the extent that judicial review impinges on separation of powers, it is authorized by statute. *See* Tex. Nat. Res. Code Ann. § 81.0533(e) (West 2011) (adopting procedures in Tex. Gov't Code

The State urges correctly that we cannot simply accept that Bedell's counterclaim is truly a bill of review but must evaluate the pleadings. The State reasons that Bedell seeks to avoid, rather than correct, the Commission's order and, therefore, that the counterclaim is a collateral attack that the district court does not have the jurisdiction to entertain. The State also emphasizes that the counterclaim arises in a suit that was brought to enforce the Commission's order, not correct it.

Bedell's counterclaim resembles the description the Texas Supreme Court provided for a bill of review:

> A bill of review is an equitable proceeding to set aside a judgment that is not void on the face of the record but is no longer appealable or subject to a motion for new trial. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979); *Schwartz v. Jefferson*, 520 S.W.2d 881, 889 (Tex. 1975). A bill of review is proper where a party has exercised due diligence to prosecute all adequate legal remedies against a former judgment, and at the time the bill of review is filed, there remains no such adequate legal remedy still available because, through no fault of the bill's proponent, fraud, accident, or mistake precludes presentation of a meritorious claim or defense. *Baker*, 582 S.W.2d at 408. The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point. *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950); *Crouch v. McGaw*, 134 Tex. 633, 138 S.W.2d 94, 96 (1940) (noting that a bill of review requires "something more than injustice"). Thus, a bill of review petitioner must ordinarily plead and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) that the petitioner was prevented from making by the fraud, accident or wrongful act of his or her opponent, and (3) the petitioner was not negligent. *Alexander*, 226 S.W.2d at 998. If the complainant proves that he was not served with process, however, he is not required to show either of the first two requirements, and his own want of fault or negligence is established. *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998).

Ann. § 2001.176(a) (West 2008)). The State does not explain how a bill of review's tread is impermissibly broader than a standard suit for judicial review. The State's position could endorse unscrupulous agency employees' imposition of huge fines on unserved, unsuspecting persons that would become unreviewable thirty days after they are imposed. The individuals' constitutional rights to be free from unreasonable seizures and to due process before deprivation of property are at least competitive with concerns for separation of powers of the branches of government.

10

*King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751-52 (Tex. 2003). The San Antonio court has held that agency orders can be challenged by judicial bill of review when judicial review is otherwise authorized. *See Gruber v. Texas State Bd. of Pharmacy*, 619 S.W.2d 564, 567 (Tex. Civ. App.—San Antonio 1981, no writ). Texas statutes permit a party aggrieved by a Commission order assessing a penalty to seek judicial review by filing a petition in Travis County district court within thirty days of the final decision. *See* Tex. Nat. Res. Code Ann. § 81.0533(e) (West 2011) (adopting procedures in Tex. Gov't Code Ann. § 2001.176(a) (West 2008)). The Commission order that Bedell seeks to challenge was signed May 9, 2002. This suit to enforce was filed on August 6, 2010, and Bedell filed his counterclaim on June 13, 2011. Standard judicial review was no longer available. Bedell does not argue that the order is void on its face, but that the Commission provided no notice to him. Aside from the fact that it seeks by judicial review to overturn an agency order, Bedell's counterclaim fits the classic bill-of-review profile.

Contrary to the State's contention, the relief Bedell seeks is consistent with his counterclaim being a bill of review. A bill of review is instituted to correct an earlier judgment or order and, therefore, is a direct attack on the judgment. *Sweetwater Austin Props., L.L.C. v. SOS Alliance, Inc.*, 299 S.W.3d 879, 885 (Tex. App.—Austin 2009, pet. denied) (other direct attacks include appeals and motions for new trial). A collateral attack does not seek a corrected, replacement judgment, but seeks to avoid the effect of the judgment. *Id.* By his counterclaim, Bedell contends that he was found liable without receiving notice or participating in the hearing through no fault of his own. He contends that the order and judgment incorrectly hold him responsible for plugging the wells and paying the penalties. Bedell does not seek merely to avoid the effect of the Commission's order, but wants the order supplanted by a take-nothing judgment.

11

This is a direct attack, essentially operating like a suit for judicial review or an appeal. Sovereign immunity is waived concerning a bill of review filed in a trial court seeking review of an agency order. *See generally Gruber*, 619 S.W.2d at 567.

The State contends that it retains sovereign immunity because the bill-of-review counterclaim is improperly lodged against the State rather than the Commission. The State argues that it is a separate entity from the Commission[6] and that the Commission is the proper party to defend the order.[7] The State's argument ignores the fact that it filed this suit "on behalf of the Commission." The State also ignores the supreme court's opinion that, by filing suit, the State waives sovereign immunity from related claims. *See Reata*, 197 S.W.3d at 375 ("it would be fundamentally unfair to allow a governmental entity to assert affirmative claims against a party while claiming it had immunity as to the party's claims against it"). By filing suit seeking judgment for the administrative and civil penalties assessed as well as the related plugging expenses and attorney's fees, the State has waived sovereign immunity from Bedell's counterclaim by which he seeks to have the order underlying the State's claim for penalties, plugging expenses, and attorney's fees vacated and replaced by a take nothing judgment.

**Necessary party**

The State contends that Bedell's father, Bruce, is a necessary party to the bill of review. A party who brings a bill of review must join "all parties whose interests are such that they

---

[6] *See Ortiz Oil Co., Inc. v. Railroad Comm'n*, 62 S.W.2d 376, 378-79 (Tex. Civ. App.—Texarkana 1933, no writ h.).

[7] *See* Tex. Nat. Res. Code Ann. § 85.241 (West 2011).

would be, or might be, directly and materially affected" in order to make the attack a direct one. *Lowe v. Farm Credit Bank*, 2 S.W.3d 293, 297 (Tex. App.—San Antonio 1999, pet. denied). Bruce undisputedly is not a party to the judgment Bedell is challenging, but the State cites cases holding that necessary parties in a bill of review can exceed parties to the judgment, including the following parties: (1) all co-makers of a note in a bill to set aside deficiency judgment on that note,[8] (2) current owners of animals in a bill to set aside an order that conferred ownership of the animals on that current owner,[9] and (3) beneficiaries of a trust established in a divorce property settlement when one former spouse challenges the property settlement.[10] The State contends that Bruce's interests are similarly directly affected because "he will be responsible for [the State's] claims if it is determined [Bedell] is not the operator of record."

The State does not point to any pleading or proof that the setting aside of the judgment against Bedell will, by itself, impose responsibility on Bruce as a direct result. Bruce is currently unencumbered by any share of or contingent responsibility for the judgment. Unlike with the parties in the cases the State cites—a co-maker of a note whose liability would increase if a deficiency judgment against another co-maker is set aside, an animal owner whose ownership would be voided if the judgment awarding it ownership is set aside, or the beneficiaries of a trust that might be voided or have its principal reduced if the property settlement creating the trust is set

---

[8] *See Lowe v. Farm Credit Bank*, 2 S.W.3d 293, 297 (Tex. App.—San Antonio 1999, pet. denied).

[9] *See Chambers v. Perry*, No. 05-09-00407-CV, 2010 Tex. App. LEXIS 2054, at *5 (Tex. App.—Dallas March 24, 2010, writ dism'd w.o.j.) (mem. op.).

[10] *See Neill v. Neill*, 386 S.W.2d 642, 645 (Tex. Civ. App.—Austin 1965, writ dism'd w.o.j.).

aside[11]—setting aside the judgment against Bedell will not automatically impose responsibility for the penalties and expenses on Bruce. To do so, the Commission would have to initiate a claim against Bruce and prove his responsibility for the penalties and expenses. Because Bruce's interests will not be directly affected if the judgment against Bedell is set aside, he is not a necessary party to the bill of review. Because he is not a necessary party, Bruce's absence did not convert this bill of review into an impermissible collateral attack and strip the trial court of jurisdiction.

## CONCLUSION

We reverse the Order on Plaintiff's Plea to the Jurisdiction on Defendant's Original Counterclaim for Bill of Review and render a decision denying that plea. We lack jurisdiction to otherwise opine on any action by the trial court. The case may resume in the trial court absent further action by the parties or by the Texas Supreme Court.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose, and Goodwin

Reversed and Rendered in part; Dismissed in part

Filed: July 6, 2012

---

[11] *See Lowe*, 2 S.W.3d at 297; *Chambers*, 2010 Tex. App. LEXIS 2054, at *5; *Neill*, 386 S.W.2d at 645-46.